**Gottfried SEITZ, Appellant,**

v.

**The SECRETARY OF the SOCIAL SECURITY ADMINISTRATION, HEALTH, EDUCATION AND WELFARE DEPT., OLD-AGE AND SURVIVORS INSURANCE BUREAU, Appellee.**

**No. 18471.**

United States Court of Appeals Ninth Circuit.

May 24, 1963.

Rehearing Denied Aug. 1, 1963.

Gottfried Seitz, in pro. per.

Herman T. F. Lum, U. S. Atty., and Joseph M. Gedan, Asst. U. S. Atty., Honolulu, Hawaii, for appellee.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant, Gottfried Seitz, filed applications under the Social Security Act for disability insurance benefits on April 12, 1957, and to establish a period of disability on May 10, 1957. In his application for a period of disability, he stated that he became unable to work in October, 1946, due to "psychic shock" and resulting "physical ills." The applications were denied by the Bureau of Old-Age and Survivors Insurance, and appellant requested a hearing. A hearing was held, the hearing officer concluding that appellant was not entitled to a period of disability or to disability benefits under the Act. The hearing officer's decision was reviewed and affirmed by the Appeals Council of the Social Security Administration. Appellant then instituted an action in the United States Dis-

trict Court for the District of Hawaii under section 205(g) of the Act (42 U.S.C. § 405(g)) to review the decision. A summary judgment was granted by the district court in favor of appellee and appellant appeals from that judgment to this court.

Appellant *in propria persona* has filed written briefs and has presented oral argument before this court.

The issue to be considered on this appeal is whether there is "substantial evidence"[1] in the record to support the Secretary's decision.

The burden of proof was on appellant to establish his entitlement to benefits under the Act.[2] In order to sustain this burden, it was necessary for him to prove that he was unable as of September 30, 1947, "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[3] The date September 30, 1947, is important because under the Act the claimant must have been in a "special insured status," i. e., have had a certain number of quarters of coverage under the Act, immediately preceding the beginning of his period of disability,[4] and it is uncontested that appellant last met this requirement on that date.

Appellant introduced no medical evidence or records that would tend to show that he was unable as of September 30, 1947, to engage in substantial gainful activity. Further, it was undisputed that from July 15, 1946, to June 13, 1949, appellant held a responsible position as Probation-Parole Officer for the Territorial First Circuit Court. In 1951, he taught courses in adult education classes in Territorial schools and from October 20, 1952, to September 17, 1955, he was employed as a guard for the Board of Public Parks and Recreation in Hono-

lulu. There was no evidence to indicate that he was unable to perform any of these jobs in a satisfactory manner.

In view of the fact that appellant was unable to produce any medical evidence that would indicate that he was unable to engage in substantial gainful activity on September 30, 1947, and since he was in fact engaged in such activity on that date and continued to be so engaged subsequent thereto, we can only conclude that there is substantial evidence to support the Secretary's decision.

Judgment affirmed.

---

1. Section 205(g) of the Act (42 U.S.C. 405(g)) provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

2. Sections 216(i) (1) and 223(c) (2) of the Act (42 U.S.C. 416(i) (1) and 42 U.S.C. 423(c) (2)).

3. Ibid.

4. See sections 216(i) and 223(c) of the Act (42 U.S.C. 416(i) and 42 U.S.C. 423 (c)).