**Erma Lee BROWN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 29722.**

United States District Court
E. D. Michigan, S. D.
Nov. 15, 1968.

---

8. See n. 6, supra.

A. Leon Peck, Detroit, Mich., for plaintiff.

Robert J. Grace, U. S. Atty., David E. Caplan, Asst. U. S. Atty., Detroit, Mich., for defendant.

## OPINION AND ORDER

LEVIN, District Judge.

Plaintiff brought this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the defendant that plaintiff was not entitled to disability insurance benefits under the Social Security Act. Both parties have moved for summary judgment.

On June 28, 1965 plaintiff filed an application for disability insurance benefits, alleging inability to work after April 22, 1965 because of a "back condition." The Hearing Examiner found that plaintiff was not disabled within the meaning of the Social Security Act.[1]

---

1. This finding was made under the Social Security Act, as amended in 1965. § 158 (e) (2) (B) of the Social Security Act of 1967, Pub.Law 90–248, 81 Stat. 869, however, makes the 1968 amended defini- tion of disability applicable to this proceeding. 42 U.S.C. § 423(d) (1) (A) (1964), as amended (Supp. Feb. 1968), defines disability in a manner identical to the definition found in the 1965 amend-

This decision became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on January 23, 1967.

On April 22, 1965 the plaintiff injured herself while emptying a trash barrel at work for the Detroit Overall Manufacturing Company. Her injury was occasioned by her slipping and falling on her left side. The accident caused the plaintiff to sustain multiple contusions of the back, legs and left shoulder. Although x-rays were taken and no bone injury or calcium deposits were indicated, uncontradicted medical evidence shows that the plaintiff did suffer an injury by reason of the fall.

Detroit Overall sent the plaintiff to see a Dr. H. M. Mahoney who sent her to Detroit Memorial Hospital for examination. At the hospital, x-rays were taken and she was sent home due to a lack of hospital space. Four days later the plaintiff was readmitted to the hospital where she remained for approximately seven days. While in the hospital she received physical therapy treatment, which treatment was continued after she was discharged from the hospital.

The plaintiff later continued to consult Dr. Mahoney in his office who gave her injections for pain. In a report dated July 27, 1965 to the Bituminous Casualty Corporation, Detroit Overall's workmen's compensation carrier, Dr. Mahoney stated that he believed the plaintiff would be able to resume regular work on August 1, 1965.

On July 22, 1965 the plaintiff was examined by Dr. J. G. Reid, an orthopedic surgeon to whom she had been referred by Bituminous Casualty. Dr. Reid observed at this time that the patient was "a massively obese adult female who moves about with some obvious discomfort." Dr. Reid found some limitation of motion of the shoulder and lower back, and "rather marked lumbar-lordosis." In his report of July 29, 1965 Dr. Reid concluded by stating that:

> "The patient does have *objective findings* to support her complaint *of continuing pain and disability* in the form of limitation of motion in both the left shoulder and the back. She should be treated on intensive physical therapy in an effort to rehabilitate her." (emphasis added)

Later, on September 23, 1965 Dr. Reid wrote to the Bituminous Casualty Corporation concerning the plaintiff and stated that,

> "Her shoulder limitation has entirely disappeared. She is still complaining bitterly of pain in the lower back. This patient does have a severe lumbar lordosis and on top of her obesity does not help her outlook for a complete recovery at all."

Dr. Reid prescribed a steel back brace for the plaintiff which she has continued to wear since 1965.

The plaintiff was also examined by Dr. Frank H. Purcell, an orthopedic surgeon, on November 16, 1965. Dr. Purcell wrote to Mr. W. W. Appel, Disability Examiner, State of Michigan, concerning this examination, stating that

> "She claims her back still bothers her a little, but she states she gets better after she gets moving, which is quite unusual and this usually does not occur when there is any real back problem.

ments, namely to mean the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which * * * can be expected to last for a continuous period of not less than twelve months * * *" Pub.Law 90–248, provides at 42 U.S.C. § 423(d) (2) (A), that "an individual * * * shall be determined to be under a disability only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific vacancy exists for him, or whether he would be hired if he applied for work."

"Examination revealed this patient to be very obese; she stands with a very marked lordosis * * *.

"Extreme obesity throughout the entire body are the only factors which might induce some mechanical disturbance in this individual."

Dr. George O. Downes, the plaintiff's personal physician, wrote in a letter dated December 10, 1966 concerning the plaintiff, that "She is definitely unable to perform any type of physical work * * *."

The plaintiff has been receiving workmen's compensation of $33.00 per week since April 23, 1965 under the Michigan Workmen's Compensation Act. Detroit Overall's compensation carrier has reported to the defendant that the plaintiff's disability "is expected to continue for an undetermined period of time."

The plaintiff was fifty years of age at the time when she injured herself. She is 5′ 4½″ tall and, according to the record, weighs something over 180 pounds. She is now 53 years old. Her formal education consists of five or six years of school. She has never held any job requiring more than the most menial skills. Her jobs have included elevator operator, factory worker, welder, waitress and janitress. The most that the plaintiff earned in a single year since 1951 is $3,000, which she received in 1964 working as a janitress for the Detroit Overall Manufacturing Corporation. Her last job as janitress for Detroit Overall, which she held from 1959 until the date of the injury in 1965, required strenuous physical activity on her part. As a result of her injury, the plaintiff must wear a steel back brace and she has continued to receive physical therapy treatments. The plaintiff suffers from severe lumbar lordosis, and does experience back pain as a result of the injury. It is also undisputed that she suffers from extreme obesity. These conditions, combined with her age, level of educational achievement, prior job experience and limitation of motion

due to the accident, by reason of pain and the need for a back brace, are strong evidence of disability as defined in 42 U.S.C. § 423(d)(2)(A). See Mefford v. Gardner, 383 F.2d 748 (6th Cir. 1967); Nelms v. Gardner, 386 F.2d 971 (6th Cir. 1967).

■■ The Hearing Examiner, having before him in the record the medical history described briefly above, as well as full knowledge as to the plaintiff's age, education and work experience, see 42 U.S.C. § 423(d)(2)(A), did find that the plaintiff suffered from two medically determinable impairments— lumbosacral strain and obesity. He concluded, however, that the plaintiff was not entitled to disability benefits under the Act, making the following additional findings:

2) These conditions [lumbosacral strain and obesity] taken either singularly or in combination are not sufficiently severe to preclude substantial gainful activity.

3) Claimant has the residual capacity to do light factory work or to work as an elevator operator * * *.

4) The evidence fails to establish that the claimant's impairment prevented her from engaging in substantial gainful activity for any continuous period, prior to the date of this decision, which has lasted or can be expected to last at least 12 months.

5) The claimant was not under a "disability", as defined in the Act * * *.

Under 42 U.S.C. §§ 416(i) and 423(d)(1)(A) the burden is on the claimant to establish that he is entitled to the benefits of the Act. Justice v. Gardner, 360 F.2d 998, 1002 (6th Cir. 1966), Erickson v. Ribicoff, 305 F.2d 638, 640 (6th Cir. 1962). By his finding as to "residual capacity", the Hearing Examiner implicitly found that the plaintiff was disabled from returning to the heavy manual labor involved in her usual work

as a janitress. In such situations, where the Secretary relies upon the claim that the claimant is capable of doing lighter work than previously, "it is his burden to establish that there are job opportunities reasonably available to the applicant * * * which the applicant could perform with his limited capacities." Nelson v. Gardner, 386 F.2d 92, 94–95 (6th Cir. 1967); May v. Gardner, 362 F.2d 616, 618 (6th Cir. 1966); Carden v. Gardner, 352 F.2d 51 (6th Cir. 1965).

Normally, a determination by the Secretary that a claimant is able to engage in a former occupation precludes the necessity for an administrative showing of gainful work which the claimant is able to do and of its availability. Carden v. Gardner, supra; May v. Gardner, supra. The Court may reverse findings of the Secretary that are not supported by substantial evidence. 42 U.S.C. § 405(g).

The Court does not believe that the Hearing Examiner's findings here as to substantial gainful activity and residual capacity are supported by substantial evidence. The former occupations cited by the Examiner in his findings—light factory work and elevator operator—which he believed the plaintiff capable of handling, had all been performed by the plaintiff before 1951, over fifteen years prior to the hearing. Where, as here, a claimant last held a position in one of the listed "former occupations" years previously, it cannot be presumed that the claimant found to have physical impairments is still capable of performing substantial gainful work in one of these occupations. In such situations, where there has been no showing of present ability to perform light work, the burden must remain on the Secretary to show that there are job opportunities reasonably available to the claimant, which the claimant is able to perform. See Nelson v. Gardner, supra. The defendant has not met this burden. There has been no testimony that there are jobs available for a person of plaintiff's limited abilities, and there is nothing else in the record which would establish that this plaintiff, with two rather serious medically determinable impairments, is in any sense employable.

The Court of Appeals for the Sixth Circuit wrote in Miracle v. Celebrezze, 351 F.2d 361, 378 (6th Cir. 1965), that

"A court is not bound to sustain the denial of disability benefits where a claimant has raised serious questions and the evidence affords no sufficient basis for the negative answer of the Secretary * * *."

A realistic appraisal of the record as a whole shows that the preponderance of the evidence supports plaintiff's claim and compels a finding that she is disabled within the meaning of the Act. The Court can see no useful purpose in remanding this case to the Secretary for the taking of further testimony as to whether light work could be obtained by this plaintiff. See Cooke v. Celebrezze, 365 F.2d 425 (4th Cir. 1966).

While not unmindful of the statutory prohibition against going beyond the record, 42 U.S.C. § 405(c) (6), I am constrained to say that I cannot understand how anyone who had an opportunity to observe the plaintiff could have come to the conclusion that she is capable of substantial gainful activity.

In accordance with the foregoing, the decision of the Secretary is reversed, and the case is remanded with directions to the defendant to grant the claimed disability benefits. It is so ordered.