Lonnie R. STATZER, Plaintiff,

v.

Wilbur J. COHEN, Secretary, Health, Education and Welfare, Defendant.

Civ. A. No. 68-C-90-A.

United States District Court
W. D. Virginia,
Abingdon Division.

March 14, 1969.

D. H. Frackelton, Widener, Widener & Frackelton, Bristol, Va., for plaintiff.

William C. Breckinridge, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

 Lonnie R. Statzer, the claimant, appeals from a decision of the Secretary of Health, Education and Welfare which found that the claimant was not entitled to a period of disability or disability insurance benefits under the Social Security Act, as amended, 42 U.S.C.A. §§ 416(i) and 423 (Supp.1969). Under section 205(g) of the Act this court may not disturb the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C.A. § 405(g); Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). For reasons which follow, we find that the decision of the Secretary is supported by substantial evidence, and hence, it is affirmed.

Mr. Statzer, fifty-seven years old and virtually illiterate, has been a self-employed truck driver and tobacco farmer for most of his working life. He now claims that he has been unable to work since November, 1967, primarily because of back trouble which prevents him from performing all except light tasks around his home and farm.

The decision of the hearing examiner, which ultimately became the final decision of the Secretary, held that the claimant was not under a "disability" [1] at any time prior to the date of the decision, May 29, 1968. This decision, although conceding that the claimant's back condition would preclude his engaging in heavy labor or work requiring repeated bending or lifting of weights of any consequence, nevertheless found the claimant capable of performing the following types of work: tobacco and hay farming, truck driving, operating a fork lift truck, assembling, sanding, deburring, upholstering, or the like in the furniture manufacturing industry. These findings were to some extent based on the testimony of a vocational expert who, along with the claimant, testified at the hearing before the hearing examiner.

The medical evidence in the record consists of six medical reports on the claimant's condition, dated between January, 1967 and May, 1968. These reports establish that osteoarthritis of the spine is the predominant cause of the claimant's complaints. The medical report most favorable to the claim of disability is dated August, 1967, and states that x-rays of the claimant's lumbar spine showed an almost complete loss of the interspace at lumbar 5—sacral 1, that the adjacent end plates were considerably sclerotic, that all of the lumbar bodies showed mild marginal lipping, and that there was an osteophyte formation at

---

1. As defined in the Social Security Act, the term "disability" means—

 * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months * * *.

 * * * * *

 * * * an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

 * * * * *

 For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

 42 U.S.C.A. § 423(d) (1), (2) (A) and (3), as amended, (Supp.1969)

 This amended definition applies to court decisions which have not become final before January, 1968. Pub.L. No. 90–248, § 158(e).

lumbar 2–3 anteriorly. The same report notes that flexion of the spine was good, gait was normal, and that joints had full range of motion.

However, the clinical findings and conclusions of three other physicians with regard to the claimant's back condition do not help the claimant's cause. An internist who examined the claimant in March, 1967, stated, "I was not impressed by his back difficulty except what could be due to his obesity. An orthopedic examination may be of some help." The claimant was examined by an orthopedic surgeon in December, 1967, after being on a strict diet and losing about forty pounds since the previous March. The impressions of the orthopedist, after a comprehensive examination, include the following:

> Mr. Statzer appears to have normal use of the upper and lower extremities. I find no evidence of spasm, atrophy, contracture or significant osteoarthritic involvement of the extremities. Grossly, he appears to have normal function of the spine. Radiologically, he appears to have degenerative arthritis and a degenerative lumbosacral disc without root compression. Spinal motions are normal in all planes for a man of this age. There did not appear to be any particular pain on manipulation of the spine or the extremities.

> \* \* \* \* \* \*

> His functional capacities at the present time for usual activities, I consider to be within normal limits. I certainly see no reason why he cannot walk, squat, climb, rise, or use public transportation as well as any individual. Due to the degenerative changes in his back, I would feel he should limit his bending and lifting. However, his ability to perform moderate or strenuous activities are commensurate with the average individual 56 years of age. I do not believe he needs orthopedic care at the present time, since I find no evidence of gross impairment.

His cooperation was quite good throughout the procedure, and I see no reason to suspect that the physical findings are not valid. His motions were all normal. There is no deformity or evidence of rheumatoid, arthritic, bone, joint, or musculature impairment.

Another physician who examined the claimant in May, 1968, found no significant impairments and concluded, "At the present time, there is certainly no limitation in the joints and no signs of activity that would make me think he is having much of a problem."

[8] No doubt the claimant's allegations of intermittent pain resulting from his back condition are of some validity. Certainly, pain may be a disabling affliction, see, e. g., Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967), but each case must turn on its own facts. In this case we think it reasonable to conclude, as did the Secretary, that the subjective evidence of pain fails to overcome the negative medical findings. See Dvorak v. Celebrezze, 345 F.2d 894 (10th Cir. 1965).

[9] A preponderance of medical opinion is to the effect that the claimant's physical impairments would not preclude his performing light or moderate work. We think the medical evidence alone is sufficient to insulate the decision of the Secretary from reversal by this court. The decision of the Secretary is further supported by the opinion of a vocational expert with several years of rehabilitation experience.

[10] Claimant's counsel contacted three of the employers mentioned by the vocational expert in an effort to discredit the testimony of the expert regarding the claimant's ability to perform certain jobs. Although a letter from one of these employers indicates that the claimant would not be qualified to operate a fork lift truck, we think the other conclusions of the vocational expert remain unimpeached and fairly persuasive. The other employers contacted by claimant's counsel indicated that they would not hire a man of the claimant's age and condition for

reasons unrelated to his physical and mental ability to perform the individual jobs suggested by the vocational expert. However, the 1967 amendments to the Act, quoted in the margin, supra, make clear the predominant importance of medical factors in disability determinations. The question here is not whether the claimant would be hired by an employer if he applied for work, but rather, whether he is physically and mentally capable of performing work which exists in significant numbers in the national economy. See S.Rept. No. 744, 90th Cong., 1st Sess. (1967), 2 U.S.Code Cong. & Ad.News, 90th Cong., 1st Sess., p. 2428 (1967); Hunley v. Cohen, 288 F.Supp. 537 (E.D.Tenn.1968).

Our review of the entire record convinces us that the decision of the Secretary is supported by substantial evidence. Accordingly, the defendant's motion for summary judgment is hereby granted.

The clerk is directed to send a certified copy of this opinion and judgment to counsel of record.