Matthew **CHAVIES**, Plaintiff-Appellant,

v.

Robert **H. FINCH**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 25800.

United States Court of Appeals, Ninth Circuit.

May 24, 1971.

Carolyn Jones, Thomas L. Fike, Clifford Sweet, Legal Aid Society of Alameda County, Oakland, Cal., for plaintiff-appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Thomas J. Press, Attys., Dept. of Justice, Washington, D. C., Sheldon Deutsch, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before HAMLEY, DUNIWAY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Chavies brought this action in the District Court, under 42 U.S.C. § 405(g), to review and set aside a final decision by the Secretary finding that Chavies' period of disability had ceased and that he was no longer entitled to disability benefits under 42 U.S.C. §§ 416(i), 423. The District Court granted summary judgment in favor of the Secretary. Chavies appeals. We affirm.

The scope of our review is limited: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." 42 U.S.C. § 405(g). Rhinehart v. Finch, 9 Cir., 1971, 438 F.2d 920; Dean v. Gardner, 9 Cir., 1968, 393 F.2d 327. The Hearing Examiner found, and his decision was adopted by the Appeals Council, that Chavies' period of disability from a back injury ceased in November, 1966, and that after that date he had the residual mental and physical capacity to undertake certain jobs which existed in the national economy. The finding is supported by substantial medical evidence that Chavies, although still under a partial disability, was able to perform light work not requiring significant physical exertion.

Chavies argues that the testimony of a vocational expert who referred to the Dictionary of Occupational Titles cannot be considered as substantial evidence to support the findings of the Hearing Examiner. The vocational expert selected three jobs, signalman, flagman, parking lot attendant, which according to the description in the Dictionary and the medical evidence as to Chavies' physical capacities, and Chavies' age, education and skills, Chavies would be capable of performing. Chavies says that the Dictionary used is not evidence that such jobs are reasonably available to him. He relies on Rosin v. Secretary of Health, Education and Welfare, 9 Cir., 1967, 379 F.2d 189; Davidson v. Gardner, 6 Cir., 1967, 370 F.2d 803, and Boyd v. Gardner, 4 Cir., 1967, 377 F.2d 718. To the extent that those cases stand for the proposition that the Secretary must prove that work opportunities are either actually or reasonably available to the particular claimant, they are no longer the law. Congress changed the law by the addition to the Act, in 1968, of section 223(d) (2) (A) which provides:

"(A) an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. * * *" 42 U.S.C. § 423(d) (2) (A).

See Gentile v. Finch, 3 Cir., 1970, 423 F.2d 244; Martin v. Finch, 5 Cir., 1969, 415 F.2d 793; Wright v. Gardner, 7 Cir., 1968, 403 F.2d 646; Mullins v. Gardner, 6 Cir., 1968, 396 F.2d 139.

The testimony of the vocational expert is substantial evidence that Chavies is capable of engaging in substantial gainful activity which exists in the national economy. Further, given the testimony of the medical experts that Chavies could perform light work, the Secretary would be permitted to take administrative notice that light work exists in the national economy. See Breaux v. Finch, 5 Cir., 1970, 421 F.2d 687.

Affirmed.