**George R. ENTREKIN,**
**Plaintiff-Appellant,**

v.

**Caspar W. WEINBERGER, Secretary,**
**Health, Education and Welfare,**
**Defendant-Appellee.**

**No. 73–1419**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 15, 1973.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**562**

Leonard A. Blackwell, Gulfport, Miss., for plaintiff-appellant.

Robert E. Hauberg, U. S. Atty., L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

Mr. Entrekin appeals from the denial of a period of disability or disability insurance benefits under the Social Security Act, 42 U.S.C.A., § 405(g). As usual, the question is whether the decision of the Secretary, affirmed by the District Court, is supported by substantial evidence. In our view, the issue is close, but we cannot retry factual issues here.

Mr. Entrekin has a severe case of diabetes from which he has suffered for nearly thirty years. Both the Veterans Administration and the United States Civil Service Commission, in the application of their standards, have held that he is totally disabled. Nevertheless, there is medical evidence that Mr. Entrekin's diabetic condition responds well to proper diet and treatment. The disease, after thirty years, has caused little damage to other bodily functions. A depressive reaction, without psychosis, caused by the accidental drowning of the claimant's wife, also responds to ordinary tranquilizers. A disability of the hand could, according to the medical evidence, be corrected by surgery.

Had we decided the case in the first instance we might have been inclined to hold for Mr. Entrekin. Congress, however, has seen fit to confer that function solely upon the Secretary, subject only to the substantial evidence rule.

Since there is substantial evidence upon which the Secretary could find as he did, we are without the authority to exercise appellant interference.

The judgment of the District Court is

Affirmed.