**Richard P. KERR, Plaintiff,**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. S-2394.**

United States District Court, E. D. California.

Jan. 21, 1974.

Clark F. Ide, Modesto, Cal., for plaintiff.

Dwayne Keyes, U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

The plaintiff, Richard P. Kerr, seeks judicial review of the Secretary of Health, Education, and Welfare's (here-inafter the Secretary) final decision disallowing his application for the establishment of a period of disability and for disability insurance benefits under Title 42 U.S.C. §§ 416(i) and 423. Jurisdiction in this case is provided by Title 42 U.S.C. § 405(g). The case comes before the court on cross motions for summary judgment.

The plaintiff filed his application on September 22, 1970, seeking a period of disability commencing May 5, 1970, and disability insurance benefits due to a "heart and back" condition. The plaintiff's application was denied on December 4, 1970. Thereafter a request for reconsideration was also denied on April 20, 1971. On August 24, 1971, a *de novo* hearing was held before William J. Risteau, a hearing examiner for the Social Security Administration. He denied the plaintiff's application on September 16, 1971, stating in part that:

"As to sedentary work in an office or light work such as the job of appraiser for a thrift company which claimant previously held, the Examiner cannot find any limitations in the medical evidence, either orthopedic or cardiovascular, which would contraindicate such work." Tr. 16.

The Social Security Administration Appeals Council affirmed the September 16, 1971, decision of the hearing examiner on January 14, 1972. The plaintiff brought this action on March 14, 1972.

The sole question before the court on review is whether the record contains substantial evidence to support the decision of the Secretary. Chavies v. Finch, 443 F.2d 356 (9th Cir. 1971); Rhinehart v. Finch, 438 F.2d 920 (9th Cir. 1971).

The plaintiff was employed by the Pacific Gas and Electric Company as a meter reader for approximately eight years. On May 3, 1970, he was forced to leave this work due to a back injury. He returned to that company in August of 1971 as an office worker in the customer service department, but he was forced to terminate his employment entirely several days later because of his chest pains. The plaintiff contends that the cumulative effect of his heart and back problems has resulted in disability.

Title 42 U.S.C. § 423(d)(2)(A) requires that:

"an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in

the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."

The term "period of disability" is defined by Title 42 U.S.C. § 416(i)(2)(A) as:

"a continuous period . . . during which an individual was under a disability . . ., but only if such period is of not less than 6 full calendar months' duration or such individual was entitled to benefits under section 423 of this title for one or more months in such period."

These statutes place the burden of proof on the plaintiff to establish his entitlement to benefits. Seitz v. Secretary, 317 F.2d 743 (9th Cir. 1963). This burden shifts to the government *only* when the plaintiff makes "a showing of inability to return to his former work, *and* the record does not otherwise contain any evidence of (plaintiff's) ability to engage in substantial gainful work." (emphasis added) Meneses v. Secretary, 143 U.S.App.D.C. 81, 442 F.2d 803, 806 (1971).

In the instant case the evidence shows that the plaintiff has a back condition and a heart condition neither of which, considered singly or in combination, constitute a disability within the above mentioned statutes.

In January of 1971 Dr. McIvor, an orthopedic surgeon who examined the plaintiff, indicated that he considered plaintiff's subjective complaints

"to be minimal to slight, increasing to moderate with work involving prolonged standing or sitting or particularly bending and lifting of heavy weights repetitively." Tr. 106.

An objective examination of the plaintiff revealed

"restriction of motion of the lower back. No evidence of nerve root pressure or irritation." *Id.*

Dr. McIvor concluded that, although plaintiff's back condition precluded him from returning to the climbing and stooping of his meter reading job, he "could probably do light work around an office. . . . " *Id.*

With respect to plaintiff's heart condition, Dr. Hatch, an internist who examined the plaintiff in September of 1970, stated that:

"If one were to brush aside the dissatisfaction between the employee (plaintiff) and employer and this man intended to return to his office job, I should feel that he would be able to do so at least by October." Tr. 101.

Dr. Hatch did not consider the plaintiff incapacitated as the result of his heart condition. Tr. 102. Dr. Reider, another internist whose specialty is cardiovascular disease, was also of the opinion that the plaintiff was capable of sedentary work in a relatively stress free environment. Tr. 114.

This medical evidence taken in conjunction with the plaintiff's age, 47 years, his education, two years of high school, and his work experience indicates the plaintiff is capable of finding substantial gainful activity. The Secretary need not identify a particular job or employment opportunity for which the plaintiff would qualify, the Secretary need only take administrative notice of the fact that light work exists in the national economy. Chavies v. Finch, *supra*, 443 F.2d at 358.

After carefully reviewing the entire record in this case the Court finds that there is substantial evidence to support the decision of the Secretary. The defendant's motion for summary judgment is hereby granted, and the plaintiff's motion for summary judgment is denied.