**Librado HOLGUIN, Plaintiff,**

**v.**

**Patricia R. HARRIS, Secretary of Health, Education, and Welfare, Defendant.**

**No. C–78–2486–CBR.**

United States District Court, N. D. California.

Nov. 14, 1979.

Alfredo M. Morales, La Casa Legal De San Jose, Santa Clara, Cal., for plaintiff.

G. William Hunter, U. S. Atty., William T. McGivern, Jr., Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

RENFREW, District Judge.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Secretary of Health, Education, and Welfare (HEW) denying his claim for disability insurance benefits under Title II of the Social Security Act,[1] and for supplemental security income (SSI) under Title XVI of the Act. *See* 42 U.S.C. §§ 416(i)(1), 423, 1381a. Both parties have filed motions for summary judgment. After having carefully considered the memoranda of points and authorities and other pleadings in this case, including the transcript of the April 13, 1978 hearing before Administrative Law Judge Herz (ALJ), this Court concludes that the Secretary's decision is supported by substantial evidence and that no good cause has been shown requiring a remand[2] of the case to the administrative body. The decision of the Secretary is therefore affirmed.

Plaintiff was injured in an automobile accident on November 10, 1975. Since the accident, he has complained of headache, neck, knee, and back pains, and further, alleges an inability to return to work because of these ailments. During this period, he has been treated continuously for these complaints by his physician, Dr. Buso. Plaintiff was diagnosed on November 12, 1976, as having suffered cervical and lumbosacral strain, as well as severe contusions to both knees. He was treated with Dexamethasone and Cortisone injections and physical therapy. There was no radiation pattern associated with the pain reported, but limitations of the neck and trunk movements, muscle spasm, and tenderness throughout the neck, back, and lumbosacral spine area were reported. Subsequent diagnosis on May 23, 1977 reported all conditions recurrent and worsening. A final diagnostic report on March 23, 1978, reported all plaintiff's ailment conditions sufficiently severe to limit him to light and sedentary activities and to disable him permanently from his usual occupation.

A consulting physician, Dr. Martell, after examination on September 15, 1977, found some mild cervical and lumbosacral strain, but attributed plaintiff's persisting disability to other conditions. The consulting physician found no significant abnormalities of the spine or the extremities, with neurological responses registering within normal limits. Some hyperalgesia was found along the neck, lower back, and knees. However, X-rays revealed no arthritic changes to support plaintiff's complaints. Dr. Martell recommended that psychological and internal support and motivation to return to work as well as better attention to control of plaintiff's diabetes and hypertension would eliminate plaintiff's disability.

Medical records, from 1972, document a history of diabetes and hypertension, over which plaintiff has achieved varying degrees of control, but which could be controlled through prescribed medication and diet.

Plaintiff is a 54 year old male, with a third grade Mexican education, who communicated in English at the hearing with the assistance of an interpreter. He is well nourished and alert, with some exogenous fat. He has worked as a farm laborer, dishwasher, railroad worker, musician and

---

1. Plaintiff, through the decision of May 30, 1978, is entitled to a period of disability and disability insurance benefits based on his August 30, 1976 application under Title II, and is entitled to SSI based on his September 2, 1976 application under Title XVI. The period of disability and entitlement commenced November 10, 1975 and ceased September 15, 1977. Entitlement to all benefits ceased November, 1977, the second month following the month in which disability ceased. That portion of the Administrative Law Judge's decision is not challenged in this Court.

2. Plaintiff did not seek remand in this action. However, because disability benefit determinations are subject to such remand review and because there is sufficient evidence in the record to make such a review, the Court will address this issue.

photographer. At the time of the accident, he was employed as a free-lance photographer and musician.

Plaintiff testified that his main limitations are associated with arthritic pains in the knees, back of the neck, and shoulders. While Codeine controls his arthritic type joint pains, it does not relieve his back discomfort. He is unable to sit for long periods without experiencing pain, and these symptoms further limit his ability to squat, bend, or lean forward. He describes his daily activities as limited largely to reading, watching television in his home, attending church several times a week, and occasionally walking around the house and yard to relieve his back. Plaintiff has never been hospitalized for these ailments.

Plaintiff filed an application for a period of disability and disability insurance benefits on August 30, 1976, alleging onset of a disability on November 10, 1975. Plaintiff also filed an application for SSI on September 2, 1976. Both applications were denied initially, and both applications were denied on reconsideration on June 17, 1977. Plaintiff made a timely request for, and obtained, a hearing before an ALJ on July 6, 1977. Plaintiff, represented by counsel and communicating through an interpreter, testified to his physical condition and presented records of past hypertension and diabetes, hypertension diagnosis and treatment, work history, and diagnoses of primary and consulting physicians.

On May 30, 1978, the ALJ determined that plaintiff was disabled, as defined by the Social Security Act, from November 10, 1975 until September 15, 1977, and was, therefore, entitled to benefits for that period. Pursuant to 42 U.S.C. § 405(g), plaintiff challenges that decision.

■ Courts engage in two levels of review for HEW disability benefit decisions. See 42 U.S.C. §§ 405(g), 1383(c)(3). The first can be called substantiality of the evidence review and the second, remand review. Section 405(g) of the United States Code, § 205(g), of the Social Security Act as amended, reads in part:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party * * * may obtain a review of such decision by a civil action * * *. The [federal district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

This review limits the Court to the single question of whether or not the findings of the Secretary of HEW are supported by substantial record evidence. *Chavies v. Finch*, 443 F.2d 356, 357 (9 Cir. 1971); *Dean v. Gardner*, 393 F.2d 327, 328 (9 Cir. 1968). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

■ Ordinarily, a plaintiff must establish that he is and remains unable to return to his customary employment. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9 Cir. 1971); *Seitz v. Secretary of Social Security Administration*, 317 F.2d 743, 744 (9 Cir. 1963). However, if he does so, the burden of producing evidence shifts to the Secretary to prove that the claimant is capable of performing other forms of substantial gainful activity which exists in the national economy, unless evidence already in the record establishes this capability. If the Government meets this burden, the claimant then bears the overall burden of demonstrating that his disability precludes substantial gainful employment. *Meneses v. Secretary of Health, Education and Welfare*, 143 U.S.App. 81, 84, 442 F.2d 803, 806 (1971). *See Kerr v. Richardson*, 387 F.Supp. 361, 363 (E.D.Cal.1974).

While most cases just involve the first level or substantiality of evidence review, § 405(g) also authorizes federal courts to engage in a second level of review with

much looser standards upon a sufficient showing. Under this level or remand review, "[t]he court * * * may, at any time, on good cause shown, order additional evidence to be taken before the Secretary * * *." HEW regulations specifically require the hearing examiner to "inquire fully into the matters at issue and [to] receive in evidence the testimony of witnesses and any documents which are relevant and material to such matters." 20 C.F.R. § 404.927.

■ The Court can therefore order a remand even if a claimant failed to produce substantial evidence of disability at the administrative hearing. Factors relevant to "good cause" for remand include (1) the weight of lay evidence of medical impairments in the absence of adequate medical evidence, *Cooney v. Finch*, 300 F.Supp. 818, 821 (W.D.Pa.1969), (2) the existence of new evidence which " 'bears directly and substantially on the matter in dispute,' " *Kemp v. Weinberger*, 522 F.2d 967, 969 (9 Cir. 1975); (3) the ready obtainability of existing or potential new evidence, *Heisner v. Sec'y of HEW*, 538 F.2d 1329, 1332 (8 Cir. 1976); *Hess v. Sec'y of HEW*, 497 F.2d 837, 840–841 (3 Cir. 1974); (4) the development of the evidence by the hearing examiner, *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8 Cir. 1974); *Tillman v. Weinberger*, 398 F.Supp. 1124, 1128 (N.D.Ind.1975); *Cooney v. Finch, supra*, 300 F.Supp. at 821; and (5) the specificity of the findings of the hearing examiner concerning relevant issues, *Miranda v. Sec'y of HEW*, 514 F.2d 996, 999 (2 Cir. 1975).[3]

This Court feels that there is sufficient information in the record and that it is incumbent on the Court to make such determination. By adopting the "good cause" standard for remand to take additional evidence, Congress instructed the courts to exercise broad discretion in their view of administrative denials of benefits, *Kerner v. Flemming*, 283 F.2d 916, 922 & n.9 (2 Cir. 1960). One can infer from this grant of discretion a desire to give claimants the fullest scope of entitlement protection, and the courts must follow that mandate. *Parker v. Califano*, 441 F.Supp. 1174, 1179 (N.D.Cal.1977). To do less would be to deny plaintiff the full scope of protection.

## SUBSTANTIALITY OF THE EVIDENCE

Because the ALJ has granted a period of disability and benefits from September 15, 1975, to November, 1977, Plaintiff's only relevant challenge comes in seeking benefits from December, 1977, and beyond. Plaintiff must prove that his disability continued beyond the date of cessation found by the Secretary, by establishing that these findings are not supported by substantial evidence as reflected by the trial record.

■ Plaintiff contends that he remains unable to engage in gainful employment because of cervical and lumbosacral strain, degenerative arthritis, and hard to control hypertension and diabetes. The last two conditions result in sharp neck and back pains, limiting neck and trunk movements and causing pain when walking or sitting for long periods of time.

The ALJ determined on the basis of medical evidence and testimony that although plaintiff was unable to work as a photographer as the result of injuries and pain arising from an automobile accident, together with hypertensive and diabetic conditions, from November 10, 1975, through September 15, 1977, he had regained the capacity to return to his former work as a photographer, or, in the alterna-

---

**3.** There are other criteria which might be used. However, they do not bear relevance to this case. They include (1) weight of the affirmative evidence that the claimant is not disabled, *Kerner v. Flemming, supra*, 283 F.2d at 922; *Cooney v. Finch, supra*, 300 F.Supp. at 821– 822; (2) the prejudice to HEW if the case were remanded, *Kemp v. Weinberger, supra*, 522 F.2d at 969; (3) the claimant's ability to participate intelligently and effectively in the hearing,

*Gold v. Sec'y of HEW*, 463 F.2d 38, 42 (2 Cir. 1972); *Webb v. Finch*, 431 F.2d 1179, 1180 (6 Cir. 1970); *Alamo v. Richardson*, 355 F.Supp. 314, 316–317 (D.P.R.1972); (4) representation of the claimant by counsel, *Heisner v. Sec'y of HEW, supra*, 538 F.2d at 1331; *Stewart v. Cohen*, 309 F.Supp. 949, 956 (E.D.N.Y.1970); (5) the effectiveness of the assistance of counsel, *Tillman v. Weinberger*, 398 F.Supp. 1124, 1129– 1130 (N.D.Ind.1975).

tive, to engage in a wide variety of light and sedentary jobs despite his continuing complaints of back and knee pain.

This Court finds there was sufficient evidence in the record to support these findings under the substantial evidence standard. The Court agrees with the Secretary that there was sufficient medical evidence that plaintiff suffered no disability beyond September, 1977, to support the denial of disability benefits after November, 1977.

In establishing eligibility for either disability insurance benefits under 42 U.S.C. § 423 or for SSI under 42 U.S.C. § 1381a, plaintiff has the burden of proving that he is disabled as that term is defined in the Social Security Act. *Rhinehart v. Finch, supra,* 438 F.2d at 921; *Seitz v. Secretary of Social Security Administration, supra,* 317 F.2d at 744. That is, he must demonstrate an inability

> "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months * * *." 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c (a)(3)(A).

A "physical or mental impairment" is defined as one which

> "results from anatomical, physiological, or psychological abnormalities which are *demonstrable* by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C) (emphasis added).

It must be

> "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). *See also* 20 C.F.R. §§ 404.1501 *et seq.,* 416.901 *et seq.*

Plaintiff's subjective complaints of back pain are unsupported by any "medically demonstrable" pathology. *See* 42 U.S.C. § 423(d)(3). Plaintiff's primary physician, Dr. Buso, in his March 22, 1978, report described plaintiff's various medical problems as limiting plaintiff to light and sedentary work and permanently disabling him from his usual employment. However, the diagnosis was unaccompanied by clinical documentation or medical support. Even if the diagnosis were accepted at face value, it describes a limitation to "light and sedentary work," not a total inability to engage in gainful employment as required under 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c (a)(3)(A), nor, in fact, does it diagnose any form of permanent physical limitation. The lack of documentation fails the requirement that impairments be "anatomical, physiological * * * abnormalities * * demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(C). There was no demonstration through clinical methods, of plaintiff's condition, merely a narrative diagnosis. Dr. Buso attributes plaintiff's knee pain to arthritis, but that too lacks objective medical evidence of the disease. Finally, while Dr. Buso's earlier report on November 12, 1976, is not significant in this discussion, as disability has been granted for the periods covered by that report, it contains results from medical examinations which are instructive. In that report, the neurological tests were negative, there was no evidence of disc degeneration or osseous pathology, cranial nerves were intact, and deep tendon reflexes were equal. In short, plaintiff's condition a year after the accident reflected no major medical abnormalities, as diagnosed by the physician who now describes him as suffering from major and degenerative illness. Without clinical documentation, this diagnosis lacks credibility.

Even if Dr. Buso could support his diagnosis with clinical reports, there is substantial contradictory medical evidence from two other sources, which must be given

weight. A September 16, 1977 report from the Peninsula Industrial Medical Clinic describes no osteophytic outgrowth, no acute changes, and intact intervertebral disc spaces in an examination of the lumbar spine. Both knees were reported normal. This report directly contradicts Dr. Buso's March 22, 1978 report which describes symptomatic cervical and lumbosacral strain resulting in a back condition and degenerative arthritis affecting the knees. The year's difference between the two exam reports cannot account for the discrepancy in diagnosis.

Dr. Martell, a consulting physician, in an October 19, 1977 report, could find no clinical documentation for plaintiff's complaints. X-rays recorded no significant medical basis for complaint. Cervical and lumbosacral strain were both diagnosed as chronic and mild, but there was still a full range of motion in the upper and lower spine.

■ Both doctors agree that there is lumbosacral and cervical strain with no outstanding abnormalities present. They conflict as to the dimension of strain on plaintiff's back; however, the conflict is largely irrelevant. Dr. Buso's overall determination that plaintiff can engage in light and sedentary employment, taken with the report of Dr. Martell, form a consistent set of facts which can support the Secretary's findings. Dr. Buso's inconsistent diagnoses, unsupported by clinical evidence, must be disregarded to the extent they reflect undemonstrable ailments, when matched against Dr. Martell's clinically supported findings.

■ There is no precedent for giving greater weight to a treating physician's testimony, as suggested by plaintiff. Although a treating physician's testimony is entitled to great weight, *see, e. g., Oppenheim v. Finch,* 495 F.2d 396, 398 (4 Cir. 1974), the opinion of any particular doctor that a plaintiff is disabled is not determinative. *See Bledsoe v. Richardson,* 469 F.2d 1288, 1292 (7 Cir. 1972); 20 C.F.R. §§ 404.-1526, 416.926. This is particularly true where, as here, clinical findings and the medical reports of other physicians compel a contrary finding. *See Laffoon v. Califano,* 558 F.2d 253, 256 (5 Cir. 1977). In fact, the findings of any one doctor cannot settle the issue of one claimant's disability. Although Dr. Buso felt that plaintiff could not do his former work, such a conclusion is not binding on the Secretary. The opinion of any doctor that plaintiff is "disabled" or unable to work is not conclusive of the ultimate fact of disability. 20 C.F.R. 404.-1526, 416.926; *Halsey v. Richardson,* 441 F.2d 1230 (6 Cir. 1971); *Bledsoe v. Richardson, supra,* 469 F.2d 1288.

■ Because there is no conclusive medical evidence of a demonstrable medical disability, only plaintiff's claims of pain and inability to work are left. While plaintiff may have experienced some discomfort in his back, the medical evidence does not support his allegations of a severe disabling impairment. Numerous cases have held that individuals experiencing back ailments still could engage in substantial gainful activity and accordingly were not disabled. *Waters v. Gardner,* 452 F.2d 855 (9 Cir. 1971); *Gray v. Mathews,* 421 F.Supp. 364 (N.D.Cal.1976). Plaintiff's claims of pain do not, in and of themselves, give rise to a disability under the Act. The Secretary is not obliged to accept plaintiff's self-serving statements pertaining to alleged impairments or limitations. *Sorenson v. Weinberger,* 514 F.2d 1112, 1118 (9 Cir. 1975); *Waters v. Gardner, supra,* 452 F.2d at 857; 20 C.F.R. §§ 404.1501(c), 416.901(c).

■ Plaintiff alleges that pain in his knees, low back, neck, shoulders, right hip and arm have prevented him from working. Although pain, in and of itself, is recognized as a disabling factor for social security benefit purposes, it can constitute a disability only if it is not remediable or is of such a degree of severity as to preclude an individual from engaging in any substantial gainful activity. *Harvey v. Finch,* 313 F.Supp. 323 (N.D.Cal.1970), *aff'd Harvey v. Richardson,* 451 F.2d 589 (9 Cir. 1971). The inability of an individual to work without some pain or discomfort does not necessarily satisfy the test for disability under the

Act. *Sorenson v. Weinberger, supra,* 514 F.2d 1112. Plaintiff has the burden of proving that the pain is disabling. *Mark v. Celebrezze,* 348 F.2d 289 (9 Cir. 1965). It is submitted that while pain can be a disabling affliction, subjective evidence of pain cannot overcome medical evidence to the contrary. *Halsey v. Richardson,* 441 F.2d 1230 (6 Cir. 1971). Nor can assertions of disabling pain provide the basis for entitlement when medical evidence and opinion do not support them. *Perez v. Mathews,* 411 F.Supp. 1276 (E.D.Cal.1976).

Since his accident, plaintiff has continuously complained of disabling pain. However, his complaints are unsupported by medical evidence. His own physician has failed to support these alleged ailments with clinical documentation, and the consulting physician finds no supporting medical pathology but rather suggests that there is a psychological problem in the persistence of the chronic musculoskeletal complaints and that a motivation to return to work would eliminate this disability. Plaintiff's subjective complaints of pain are overcome by substantial medical documentation to the contrary.

It is not suggested that plaintiff does not suffer pain. However, the pain is remediable by medication, which plaintiff periodically chooses not to take. To the extent that the pain is remediable, it is not disabling. Further, there is ample evidence in the record that plaintiff is capable of engaging in various daily activities which supports the ALJ's conclusion that plaintiff's pain is not disabling. *Deyo v. Weinberger,* 406 F.Supp. 968, 973 (S.D.N.Y.1975); *Carter v. Finch,* 308 F.Supp. 954, 957 (S.D. W.Va.1969), *aff'd,* 421 F.2d 702 (4 Cir. 1970). Plaintiff attends church regularly, walks about the house and yard, and sits long enough to read and watch television. The necessity to stand and walk to relieve back strain, while doing these various activities, does not preclude gainful employment, but places plaintiff with the majority of the country who must stand or walk to relieve back strain in the course of the work day.

Plaintiff's hypertension or diabetes cannot serve as a basis for a complaint. Plaintiff's history of these two ailments has been marked by spotty control. Plaintiff has been placed on medication and given a special diet to control both conditions, but he has not always been faithful to his regimen. Dr. Martell found his diabetes in poor control and his hypertension somewhat elevated. Dr. Buso also noted plaintiff's difficulty in controlling these conditions. They clearly were controllable, as noted at various times throughout the medical reports. As such, they cannot serve as a basis for a complaint. If an impairment reasonably can be remedied or controlled by treatment or medication, it cannot serve as a basis for a finding of disability. 20 C.F.R. 404.1507, 416.907; *McCarty v. Richardson,* 459 F.2d 3 (5 Cir. 1972); *Heisner v. Secretary of HEW,* 407 F.Supp. 444 (E.D.Mo.1975), *aff'd,* 538 F.2d 1329 (8 Cir. 1976). The mere presence of a disease or an impairment is not disabling *per se.* Cases have held that a plaintiff who suffered from hypertension was not disabled. *Kyle v. Cohen,* 449 F.2d 489 (4 Cir. 1971); *Finnstrom v. Mathews,* 412 F.Supp. 415 (D.Ariz.1976). Many courts have recognized diabetes to be a remediable condition and hence not disabling within the meaning of the Act. *Entrekin v. Weinberger,* 477 F.2d 561 (5 Cir. 1973); *Knox v. Finch,* 427 F.2d 919 (5 Cir. 1970). Moreover, an overweight diabetic who can alleviate his condition by a loss of weight cannot be held disabled. *Wray v. Flemming,* 181 F.Supp. 783 (W.D.Ark.1960).

To serve as a basis for disability, plaintiff must show such severe functional limitations as to be precluded from engaging in any substantial gainful activity. *Waters v. Gardner, supra,* 452 F.2d 855. Neither physician could find any end-organ damage from the hypertension nor any long-term damage as an effect of the diabetes. Other than the need to take medication, plaintiff has not established how the presence of these two conditions inhibit his capacity to work. In fact, plaintiff had worked for several years before the accident with both of these conditions, so it is unclear how the effect of the accident exac-

erbated this condition sufficiently to prevent gainful employment. Courts have held that if a plaintiff has worked with an alleged impairment over a period of years and there has been no significant deterioration in that impairment, it cannot be considered disabling at present. *Fishburn v. Gardner,* 452 F.2d 1004 (3 Cir. 1971); *Cauthen v. Finch,* 426 F.2d 891 (4 Cir. 1970). No evidence of such deterioration, other than that of poor control, was presented.

The diabetes and hypertension may be considered as part of the total picture of employability of plaintiff, *i. e.,* whether a man with all plaintiff's components can find employment. However, the hypertensive and diabetic conditions add little to the physical inability of plaintiff. Plaintiff's impairment in combination cannot establish severity where their combined effect is not of requisite severity. *Lien v. Cohen,* 432 F.2d 1222 (9 Cir. 1970).

▉ Plaintiff contends that the ALJ's findings are not supported by substantial evidence since he failed to produce a vocational expert to testify at the hearing. Specifically, plaintiff contends that to support a finding of nondisability there needs to be vocational evidence regarding the specific type of work the plaintiff could do with his age, education, and work experience. The Court does not agree.

There is no blanket requirement that a vocational expert appear to supply proof of plaintiff's residual capacity to engage in alternative employment. Substantial evidence from appropriate sources is all that is demanded. *Hall v. Secretary,* 602 F.2d 1372, 1377 (9 Cir. 1979); *McLamore v. Weinberger,* 538 F.2d 572, 575 (4 Cir. 1976); *Hlivka v. Califano,* 443 F.Supp. 917, 919 (N.D.Cal.1978). It may be true that the testimony of a vocational expert is required where the question of capacity to engage in substantial gainful activity is particularly complex, *Taylor v. Weinberger,* 512 F.2d 664, 668 (4 Cir. 1975), or where there is no evidence in the record to indicate plaintiff's ability of experience in other areas of employment, *Brown v. Gardner,* 294 F.Supp. 1322, 1326 (E.D.Mich.1969); *see also Rosin v. Secretary of Health, Education and Welfare,* 379 F.2d 189, 195 (9 Cir. 1967); *Lightfoot v. Mathews,* 430 F.Supp. 620, 621 (N.D. Cal.1977). Such, however, is not the case here.

▉ There is no inordinate complexity in determining the scope of plaintiff's employability. Plaintiff has had a history of laboring positions, for which he is no longer physically qualified. Both reporting physicians would restrict plaintiff to light and sedentary work. However, plaintiff has also been employed, as indicated by his testimony, as both a photographer and a musician, each requiring skill and abilities other than those of a laborer. There is no indication that plaintiff could not return to either or both of these jobs, as neither is hard labor. They are rather the type or genus of job to which plaintiff is restricted.

As a musician, plaintiff can sit while performing and move about to relieve any discomfort between sets. There was no testimony that plaintiff had lost his capacity to play. He seems to have stopped playing professionally, but he continues to play regularly at church. As a photographer, plaintiff had only, by his own admission, to set the camera and push a button. Again, this is light work which the plaintiff can do at his own pace, stopping to relieve back tension when necessary. It cannot involve more walking than would be done around the house or in his back yard. It does not require carrying heavy equipment or the like, because plaintiff's tasks were restricted to positioning and pushing the button on the camera. That plaintiff did not operate as a professional photographer, with a lab or dark room responsibilities, is irrelevant. What is significant is that plaintiff held a position which was light labor, requiring intelligence beyond that of a laborer, and indicating his ability to work outside the physical labor force.

With these two specific examples as a base, it is reasonable to assume that there exists in the national economy other jobs for which plaintiff is qualified and could expect to be hired. His facility with the English language, though limited, and his

past positions indicating intelligence beyond that of a standard laborer show plaintiff is capable of fitting into the job market to which his disabilities restrict him. His diagnosed ailments do not preclude him from any of these activities, although he may have to pursue them with some physical discomfort.

It must be remembered that the burden of proving plaintiff's capability to perform gainful activity does not shift to the Secretary until the plaintiff establishes that he is and remains unable to return to his customary employment. The plaintiff must successfully establish both the initial and the continuing disability. *Rhinehart v. Finch, supra,* 438 F.2d at 921; *Seitz v. Secretary of Social Security Administration, supra,* 317 F.2d at 744. Such is not the case here.

■ Plaintiff has been unsuccessful in establishing his continuing disability. There is, therefore, no need for the Secretary to suggest a specific employer or a specific job. *Gardner v. Brian,* 369 F.2d 443 (10 Cir. 1966). The only question is whether he is physically and mentally able to perform work which exists in the national economy. *Statzer v. Cohen,* 297 F.Supp. 874, 877 (W.D.Va.1969). Because both physicians found, in effect, that plaintiff could return to some type of work plaintiff has failed to sustain his burden of proof so that no reciprocal burden falls to the Secretary.

The United States Court of Appeals for the Ninth Circuit has recently held that a general statement that a claimant may engage in "sedentary" work, without testimony by a vocational expert to identify specific jobs, does not satisfy the substantial evidence test. *Hall v. Secretary, supra,* 607 F.2d at 1377. Determinative there was the absence in the record of *any* evidence of the plaintiff's ability to work. Noting that it is incumbent upon the Secretary to come forward with specific findings that the claimant has the physical and mental capacity to perform specified jobs, *Smith v. Califano,* 592 F.2d 1235, 1236–1237 (4 Cir. 1979), that court said that the better way to demonstrate this was through the testimony of a vocational expert. *O'Banner v. Secretary*

*of HEW,* 587 F.2d 321, 323 (6 Cir. 1978). The court in *Hall* specifically based its remand for further evidence on the absence of evidence in the record to permit recommendation of any specific job.

Here, although the Secretary did not make specific recommendations, evidence exists in the record to make such a decision. As pointed out earlier, plaintiff testified to a capacity to carry out several jobs in the past, from which he has not established physical exclusion. With no such evidence present, the ALJ was justified in making his broad determination.

■ Under the 1967 amendments to the Act, the Secretary is permitted to take administrative notice of the fact that light or sedentary work which plaintiff can perform exists in significant numbers in the economy. *Chavies v. Finch, supra,* 443 F.2d 356; *Kerr v. Richardson, supra,* 387 F.Supp. 361. Where the conclusion of the Secretary is within the common knowledge and experience of ordinary men, it requires no substantiation by a vocational expert. *McLamore v. Weinberger, supra,* 538 F.2d 572. It is not necessary for the Secretary to specify particular jobs which plaintiff can perform. *Gray v. Mathews, supra,* 421 F.Supp. 364.

As noted previously, the decision of the Secretary must be upheld if there is substantial evidence to support it. *Torske v. Richardson,* 484 F.2d 59, 60 (9 Cir. 1973), *cert. denied sub nom. Torske v. Weinberger,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974). Accordingly, because the Court finds that the Secretary's decision is amply supported by substantial evidence in the record, absent remand review, the Court affirms the ALJ decision.

## REMAND REVIEW

■ Even though the Secretary's decision denying disability benefits is supported by substantial evidence, this Court can still remand the case for further administrative consideration upon a showing of good cause. 42 U.S.C. § 405(g). Factors relevant to a finding of good cause include, but are not

limited to, the weight of the evidence that plaintiff was not disabled, the weight of lay evidence of disability in the absence of medical evidence, availability of significant new evidence, plaintiff's ability to participate intelligently and effectively in the proceeding, development of the hearing evidence by the ALJ, and the potential prejudice to HEW if the case were remanded. *Parker v. Califano, supra,* 441 F.Supp. at 1179 and cases cited therein. Plaintiff argues that the ALJ erred in not calling a vocational expert to testify as to the capacity of plaintiff to engage in other substantial gainful activity and that the case should be remanded to take such testimony. Within the context of the facts of this case, this argument must be rejected.

There was little substantiated medical evidence that plaintiff continues in his disability. No clinical findings or results from physical exams support the complaints of pain. Short of the plaintiff's own statements of suffering, there is no demonstrable medical pathology on which to base a claim.

Plaintiff participated in the proceedings, through an interpreter, represented by counsel, so this Court must assume from the evidence in the trial record that plaintiff has presented his case in the best light possible to him. The question then is what new evidence could a vocational expert add that might support plaintiff's claims.

Plaintiff is, at worst, restricted to light or sedentary work. The ALJ has noted that such work exists in the national, and local, economy, and is, therefore, within the scope of plaintiff's work opportunities. Neither plaintiff's diabetes nor hypertension has been established as excluding him from any significant opportunity. There was, as noted earlier, evidence in the record of two types of jobs to which plaintiff might return.

A vocational expert might provide additional or more specific job categories in which plaintiff might seek employment. However, this result goes far beyond the responsibilities of the Secretary. The Secretary must only show that work opportuni-

ties are available and reasonably within the grasp of plaintiff. *McLamore v. Weinberger, supra,* 538 F.2d 572. As that has been shown here, the testimony of a vocational expert can only be superfluous.

Therefore, because the Secretary's decision is amply supported by substantial evidence and because plaintiff has failed to demonstrate good cause necessitating remand,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

IT IS HEREBY FURTHER ORDERED that the final decision of the Secretary of Health, Education, and Welfare denying benefits under Titles II and XVI of the Social Security Act to plaintiff Librado Holguin is affirmed.