Imogene R. HIGGINBOTHAM, Appellant,

v.

Joseph A. CALIFANO, Jr., Sec. of
Health, Education &
Welfare, Appellee.

No. 79–1471.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 11, 1980.

Decided March 25, 1980.

Hazel A. Straub, Charleston, W. Va.
(Franklin W. Kern, Charleston, W. Va., on
brief), for appellant.

Rebecca A. Betts, Asst. U. S. Atty.,
Charleston, W. Va. (Robert B. King, U. S.
Atty., J. Timothy DiPiero, Asst. U. S. Atty.,
Charleston, W. Va., on brief), for appellee.

Before BUTZNER and HALL, Circuit
Judges, and SHIRLEY B. JONES, District
Judge for the District of Maryland, sitting
by designation.

BUTZNER, Circuit Judge:

Imogene R. Higginbotham appeals from
the district court's summary affirmance of
a decision of the Secretary of Health, Edu-
cation and Welfare denying her claim for
disability benefits. The Appeals Council,
which considered additional evidence in sup-
port of the claim, affirmed without opinion
the administrative law judge's decision that
Higginbotham was not disabled. We re-
verse and remand for an award of benefits
because the Secretary's decision is not sup-
ported by substantial evidence.

The evidence disclosed the following
facts. Higginbotham is 49 years old. She
has an I.Q. of 84, placing her in the dull,
normal classification, and she dropped out
of school after completing the ninth grade.
For a number of years she worked as a

waitress and intermittently as a sales clerk. About 1966 plantar warts appeared on the soles of her feet. Surgery, x-ray, and topical medications have not relieved her. In 1974 she stopped working because of the condition of her feet. Currently, she is treated every other month by a doctor who excises the warts and applies medication. For a short time after the treatment, her feet are very tender and walking is difficult. Then for a period of several weeks, the treatments give her some relief. Gradually, the warts return, and for about three weeks before the next treatment she experiences considerable pain. By the time another treatment is required, she must walk on the sides of her shoes because of her tender, scarred feet. She has a nervous illness and is under the care of a psychiatrist whom she visits every six months. Her nervous disorder is controlled by daily medication which she occasionally supplements with other drugs for pain. She does very little walking or standing between treatments, but she is able to drive to the grocery store. With limited help from her husband, she maintains her home.

Her treating physician reported that she could not perform even a sedentary job because the transportation, bathroom privileges, and any other activity would make her condition unbearable. At the request of a medical consultant for the agency, she was reexamined by a doctor who had treated her in 1970 for the warts. He reported that the warts recur in weight bearing areas of her feet, and he noted her complaints of pain. He, too, expressed the opinion that she is unable to engage in any gainful employment.

In response to a hypothetical question, a vocational expert testified that Higginbotham could not return to her former work as a waitress or sales clerk, but that she could find employment in a number of sedentary occupations.* The expert added, however, that Higginbotham could not do even sedentary work if she were distracted by pain.

All of the jobs, the expert explained, require close attention to detail, and the factory jobs require the capacity to work fast in order to meet production standards.

A second vocational expert, who tested Higginbotham after the administrative hearing, reported to the Appeals Council that in his opinion Higginbotham could not do any of the sedentary jobs mentioned by the first expert. He based his opinion on her limited intelligence and the restrictions on her physical activity.

The administrative law judge recognized that Higginbotham was unable to return to her past employment. He ruled, however, that she was able to do sedentary work, and for that reason he denied her claim for benefits. In reaching this decision, he relied on part of the testimony of the first vocational expert. He did not, however, advert to the testimony of this expert that Higginbotham could not do even sedentary work if she were distracted by pain. Instead, he reasoned that she was not disabled because she required pain killing drugs infrequently and she was able to do her own housework and grocery shopping.

 Two principles are applicable to this appeal. In common with other circuits, we have held that pain resulting from a medically determinable impairment may be disabling. *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976). When a claimant proves that she is unable to perform her customary occupation due to an impairment, the burden of going forward with the evidence shifts to the Secretary. He must show that the claimant has the capacity to perform a specific job, and his decision must be supported by substantial evidence. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1976).

 The uncontradicted evidence shows an unremitting cycle of chronic pain that

---

* The vocational expert listed the following suitable occupations: switchboard operator; PBX operator in hospital, hotel, or business; sewing machine operator; garment inspector, cleaner, or clipper; information clerk in hospital, bank, or business; ticket seller; mender or patcher in dry cleaning establishment.

periodically becomes so severe that Higginbotham must undergo treatment that is in itself painful. Even then she receives only temporary relief. Higginbotham's testimony about the pain she suffers is substantiated by medical reports. The doctor who examined her at the request of the agency did not question her complaint of pain, and her treating physician reported that she "cannot perform any normal activity without intractable pain." The agency's vocational expert recognized that Higginbotham could not engage in any substantial, gainful activity if she were distracted by pain.

The Secretary did not discharge his burden of proof that Higginbotham can do sedentary work by relying on the fact that she, at her own pace and in her own manner, can do her housework and shopping. Higginbotham's ability to do these chores sustained by daily medication for her nerves is insufficient to establish that she can engage in any substantial, gainful activity which requires concentration without distraction by pain. The administrative law judge's conclusion, on which the Secretary's decision rests, is contrary to the medical and vocational evidence. Accordingly, we conclude the administrative record, considered in its entirety, does not support the Secretary's decision.

We reverse the judgment of the district court and remand with directions to remand Higginbotham's claim to the Secretary for the payment of benefits.