**Lawrence F. McMILLEN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 78–0006–C(H).**

United States District Court,
N. D. West Virginia,
Clarksburg Division.

June 20, 1980.

Regina L. Charon, North Central W. Va., Legal Aid Society, Morgantown, W. Va., for plaintiff.

Stephen G. Jory, U. S. Atty., Elkins, W. Va., for defendant.

MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (formerly Secretary of Health, Education and Welfare; hereinafter Secretary) denying Plaintiff's application for a period of disability and disability insurance benefits under the provisions of Title II of the Social Security Act, as amended. The case is presently pending before the Court on the cross motions of the parties for summary judgment. Both parties have submitted briefs.

After a hearing before an Administrative Law Judge (ALJ), at which Plaintiff appeared and testified and was represented by counsel, the ALJ rendered a decision finding that the Plaintiff was not totally disabled within the meaning of the Social Se-

curity Act. This decision was affirmed by the Appeals Council and has become the final decision of the Secretary here at issue.

Plaintiff was born September 6, 1923, and has a third grade education. Plaintiff has been employed as a ditch digger, mechanic, truck driver and high lift operator. He was last employed in May, 1972, with the exception of five to six months in 1974 when he ran a bulldozer. In his application for benefits, he alleged that he is unable to work because of the residuals of a fracture to his left leg, which occurred in 1943, and also because of back pain. At the hearing Plaintiff testified that he is unable to sit for more than one-half an hour without suffering substantial pain. To alleviate the pain, Plaintiff spends much of his time lying flat on the surface of his floor, and also takes Bufferin. The thrust of Plaintiff's testimony was that he is unable to engage in any sort of substantial gainful activity because of the pain resulting from the 1943 fracture of his leg. This testimony substantially was corroborated by that of his wife.

The medical evidence of record, while it does not unequivocally establish that Plaintiff is totally disabled as claimed, does provide a medical basis for a finding of some degree of disability. The medical evidence further provides an objective, clinical basis for the pain which Plaintiff contends is totally disabling.

In his decision denying benefits, the ALJ specifically found:

"The claimant has minimal scoliosis, mild generalized degenerative joint disease, leg length discrepancy, and weakness of the left leg. However, the combination of his impairments has not prevented him from engaging in substantial gainful activity . . .. The claimant has the functional capacity to engage in the types of jobs enumerated by the vocational expert."

Additionally, in his "evaluation of the evidence", the ALJ found "that the extent of the pains experienced by the claimant would not preclude him from engaging in the jobs cited by the vocational expert."

In order to establish entitlement to benefits, Plaintiff must satisfy the burden of proving that he suffers from a medically determinable physical (or mental) impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months, and that, this impairment renders him unable to engage in any substantial gainful employment. 42 U.S.C. § 423(d); *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). In determining disability under this standard, there are four primary elements of proof to be considered: (1) the objective medical and clinical findings of the treating and examining physicians; (2) expert medical opinion of treating and examining physicians; (3) subjective evidence of pain and disability testified to by the claimant; and (4) claimant's educational background, work history and age. *Underwood v. Ribicoff*, 298 F.2d 850 (4th Cir. 1962); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Johnson v. Califano*, 585 F.2d 89 (4th Cir. 1978). If, upon application of these legal criteria, Plaintiff can demonstrate that he is unable to engage in his former employment, the burden of proof shifts to the Secretary to demonstrate the presence of employment in the national economy which the Plaintiff can perform consistent with his medical condition. *E. g., Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975); *Johnson v. Califano*, 593 F.2d 1 (4th Cir. 1979).

After thorough review of the record and briefs of the parties, the Court finds that the Secretary's decision is not supported by substantial evidence in the whole record. The Court reaches this conclusion because of the lack of concordance between the ALJ's findings and the record evidence. As noted above, the ALJ simply found that Plaintiff had failed to prove that he was unable to engage in any substantial gainful activity and thus was not entitled to disability benefits. Nevertheless, the record demonstrates that the ALJ's finding in this regard was predicated upon the response of the vocational expert, who testified at the hearing before the ALJ, to a hypothetical posed by the ALJ which assumed certain

facts. The hypothetical thus posed by the ALJ assumed facts, which if correct, would certainly demonstrate that Plaintiff is unable to engage in his former employment. In response to the hypothetical, the vocational expert testified that Plaintiff was able to engage only in light or sedentary work. Accordingly, although the ALJ never expressly recognized, nor made a specific finding in his decision, that Plaintiff was unable to engage in his former employment, it is clear that his decision is predicated upon such a finding. The ALJ never expressly recognized that the burden shifted at that point to the Secretary. The ALJ may implicitly have recognized this, inasmuch as he elicited from the vocational expert testimony with respect to jobs which the Plaintiff could allegedly engage in consistent with a reduced functional capacity. Nevertheless, this failure expressly to recognize the applicable legal standards leads this Court to conclude that the decision is not supported by substantial evidence.

Dovetailing with the failure expressly to recognize applicable decision making rules, the Court further finds that the record evidence does not necessarily support the assumptions underlying the hypothetical posed to the vocational expert by the ALJ. The state of the record may be somewhat in conflict with respect to the underlying assumptions (for example, whether Plaintiff could in fact sit without substantial discomfort for a period of no more than one and one-half hours or one-third hour; the assumption that Plaintiff could work an eight hour day without taking a significant number of breaks in order to lie flat on his back and thus alleviate pain). Although the ALJ may implicitly have made such findings by virtue of posing the hypothetical in question, no such findings of fact ever were made by the ALJ. Thus, the entire edifice upon which the ALJ's decision is built lies on an undetermined factual foundation. This Court will not speculate as to what the ALJ intended or concluded, but failed to express. Accordingly, it is clear that the inadequacy of the factual findings underlying the hypothetical are, standing alone, sufficient to undermine the Secretary's decision. The Secretary has the obligation of expressly evaluating all evidence of record, and stating what weight is given to the evidence. See, e. g., *Arnold v. Secretary HEW*, 567 F.2d 258 (4th Cir. 1977). Here, the Secretary failed to articulate the findings underpinning the determinative hypothetical. Affirmance by this Court would violate the principle of *Arnold, supra.*

This Court will find one fact based upon the uncontradicted evidence of record: The Plaintiff is unable to return to his former employment. The Court makes no finding with respect to whether Plaintiff is able to engage in light or sedentary types of work.

■ Plaintiff argues that the ALJ made inadequate findings with respect to Plaintiff's evidence of pain. As noted above, the ALJ specifically did note that Plaintiff's pain was not of a sufficient degree to preclude him from engaging in the sort of light activities noted by the vocational expert. On the other hand, the Court notes that, accepting Plaintiff's subjective testimony, Plaintiff would appear to experience severe and disabling pain on frequent occasions, and as the result of very little physical effort whatsoever. It thus appears that the ALJ has the unpleasant task of specifically determining the credibility of Plaintiff on the issue of pain. The Secretary must keep in mind that pain may be of a sufficient degree and character to render a claimant totally disabled. See generally *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976); *Myers v. Califano*, 611 F.2d 980 (4th Cir. 1980); *Higginbotham v. Califano*, 617 F.2d 1058 (4th Cir. 1980).

Although Plaintiff urges that he has proven his right to disability benefits, the Court finds that this is not a case in which this Court should direct an award of benefits. The facts simply do not justify the Court in taking that action. Upon remand, the Secretary shall consider this claim pursuant to regulations promulgated while this case was pending, 20 C.F.R. ¶¶ 404.1501–1513, and Subpart B, Appendix 2. See

*Hicks v. Califano,* 600 F.2d 1048 (4th Cir. 1979). Additionally, all parties shall have an opportunity to submit such further evidence as they deem appropriate.

In accordance with the foregoing, the Court hereby finds that the Secretary's decision is not supported by substantial evidence on the whole record, and the Court hereby ORDERS that this action is remanded to the Secretary for further proceedings. The Court hereby ORDERS that Plaintiff's motion for summary judgment is granted only insofar as it requests remand to the Secretary, and the Defendant's motion for summary judgment is denied.