**Sherman KESLING, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 78–0011–C(H).**

United States District Court,
N. D. West Virginia,
Clarksburg Division.

June 20, 1980.

---

Christine Hedges, Clarksburg, W. Va., for plaintiff.

Stephen G. Jory, U. S. Atty., Elkins, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services (formerly Secretary of Health, Education and Welfare; hereinafter Secretary) denying Plaintiff's application for a period of disability and disability insurance benefits under the provisions of Title II of the Social Security Act, as amended. The case is presently pending before the Court on the cross motions of the parties for summary judgment. Both parties have submitted briefs.

After initial denials of his claims, Plaintiff was afforded a hearing de novo before an Administrative Law Judge (ALJ), at which Plaintiff appeared and testified and was represented by counsel. The ALJ rendered a written decision finding that Plaintiff was not totally disabled within the meaning of the Social Security Act. That decision was affirmed by the Appeals Council and has become the final decision of the Secretary here at issue.

Plaintiff was born on October 30, 1930, and has an eighth grade education. He had been employed as a coal miner for twenty years, subsequently drove trucks and graders and also had been a welder for two years. Having last worked on February 15, 1974, Plaintiff alleged disability as a result of arthritis and accompanying pain, shortness of breath, blackout spells, and bad nerves. Plaintiff testified that he had severe headaches lasting for approximately two days and occurring two or three times a month, which are accompanied by nausea and dizziness. He stated that he suffers constantly from pain in his neck and left shoulder due to arthritis. By Plaintiff's own subjective testimony, however, he is able to engage in a fair amount of physical activity notwithstanding his other medical complaints. He further stated that he takes no medication for pain or his other ailments. Plaintiff testified that he quit working after having blacked out on three occasions, and was afraid to work as a result of the blackouts. Plaintiff stated that he continues to black out approximately twice a month.

The medical evidence of record substantiates the presence of medically determinable physical ailments, but does not necessarily substantiate the degree of severity claimed thereby by Plaintiff.*

In response to a hypothetical posed by the ALJ, the vocational expert who testified at the hearing stated that, assuming Plaintiff suffered from all ailments to the extent alleged, that Plaintiff would be unable to engage in any sort of substantial gainful activity. Subsequent to the hearing, the ALJ submitted an interrogatory to the vocational expert, over objection of counsel for the Plaintiff, wherein he stated certain assumptions, which appear to be based upon

* In this regard, the Court notes that Plaintiff has been awarded federal black lung benefits. The only medical evidence of record which would appear to substantiate entitlement to black lung benefits is the results of a single pulmonary function study which result in qualifying values for MVV and FEV1. The Court further recognizes that entitlement to black lung benefits does not necessarily establish total disability under Title II of the Social Security Act.

572

medical evidence of record. Based upon this assumption, the vocational expert responded that there were certain jobs which Plaintiff could perform consistent with his medical condition. After an extensive evaluation of the evidence, the ALJ simply found that "the claimant was not prevented from engaging in any substantial gainful activity by reason of his medical impairment" and thus benefits were denied.

In order to establish entitlement to benefits, Plaintiff must satisfy the burden of proving that he suffers from a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months, and that, this impairment renders him unable to engage in any substantial gainful employment. 42 U.S.C. § 423(d); *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). In determining disability under this standard, there are four primary elements of proof to be considered: (1) the objective medical and clinical findings of the treating and examining physician; (2) expert medical opinion of treating and examining physician; (3) subjective evidence of pain and disability testified to by claimant; and (4) claimant's educational background, work history and age. *Underwood v. Ribicoff*, 298 F.2d 850 (4th Cir. 1962); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Johnson v. Califano*, 585 F.2d 89 (4th Cir. 1978). If, upon application of these legal criteria, Plaintiff can demonstrate that he is unable to engage in his former employment, the burden of proof then shifts to the Secretary to demonstrate the presence of employment in the national economy which Plaintiff can perform consistent with his medical condition. *E. g., Johnson v. Califano*, 593 F.2d 1 (4th Cir. 1979); *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Of course, this Court's sole function on review is to determine whether the Secretary's findings are supported by substantial evidence, and if that be the case, then this Court is bound to affirm that decision. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Blalock v. Richardson, supra.* In applying

this standard on review it is the Court's duty to closely scrutinize the entire record to determine if substantial evidence for the Secretary's decision is present. *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969). Moreover, the Court must insure that the Secretary has applied correct legal standards in her fact finding, *Knox v. Finch*, 427 F.2d 919 (5th Cir. 1970), and further must insure that all relevant evidence has been considered and that the Secretary explicitly has stated what weight has been given to each item of evidence. See generally, *Arnold v. Secretary HEW*, 567 F.2d 258 (4th Cir. 1977).

This Court's review of the evidence of record, and consideration of the briefs of the parties, leads it to conclude that the Secretary's decision is supported by substantial evidence on the whole record. The Secretary found that claimant was not prevented from engaging in any substantial gainful activity by virtue of his physical ailments. The Secretary also considered the presence of emotional or mental impairments and found that the evidence failed to demonstrate that Plaintiff was prevented from engaging in occupational endeavor by reason of those.

In evaluating the evidence, the ALJ considered Plaintiff's allegations with respect to blacking out. In order to further the fact finding process, the ALJ requested consultative examinations by an internist and a neurologist in order to delineate the claimant's condition. The ALJ noted that the findings of those physicians, Drs. Ghosal and Gainer, revealed no significant impairment. Next, the ALJ considered Plaintiff's evidence of shortness of breath and found that there were no objective findings consistent with or attributable to significant pulmonary pathology. In this respect, the Court notes that while the results of the pulmonary function studies of record indicate that Plaintiff would be unable to engage in work as a coal miner, it is not necessarily established that he suffers a breathing impairment of such severity that he would be unable to engage in his last

occupation as a truck driver or grade operator for the State Road Commission. The ALJ also expressly evaluated the evidence concerning Plaintiff's arthritic condition and concomitant pain. The ALJ recognized that pain in itself may be a disabling condition. Nevertheless, after expressly considering Plaintiff's subjective allegations of pain and considering them in light of the objective medical evidence of record, the ALJ expressly found that Plaintiff's pain was not of a degree or character sufficient to render him disabled from engaging in all gainful activity. This analysis appears to comport with the law concerning subjective evidence of pain. See generally *Thorne v. Weinberger*, 530 F.2d 580 (4th Cir. 1976).

Although there are also indications in the medical evidence that Plaintiff may suffer from some form of mental or emotional infirmity on occasion, the evidence rises to no more than a mere suggestion, and consequently the ALJ's evaluation of the evidence on this point appears to have been adequate.

Counsel for Plaintiff contends that the ALJ's hypothetical posed to the vocational expert is not a sufficient basis to determine that Plaintiff is able to engage in the jobs enumerated by the vocational expert because the hypothetical did not include, as underlying assumptions, that Plaintiff suffered from blackout spells and dizziness. The Court does not find this to constitute reversible error in this case because, in his "evaluation of the evidence" the ALJ did specifically consider Plaintiff's subjective complaints, and considered them also in light of the objective medical evidence of record and found that they revealed no significant impairment. Accordingly, it was not reversible error for the ALJ to pose the hypothetical. The hypothetical thus appears to have been based upon assumptions that are supported by record evidence.

One troubling aspect of this case is the presence of the hypothetical posed by the ALJ and the response of the vocational expert thereto. It is unclear whether the hypothetical implicitly is based upon a finding that Plaintiff is unable to engage in his former employment as a truck driver or equipment operator. The vocational expert's response thereto enumerates several varied types of work, but none of them are the Plaintiff's former employment. Nevertheless, the ALJ never made a finding that Plaintiff was unable to engage in his former employment, but merely found that the Plaintiff had not proved that he was unable to engage in any substantial gainful employment. It thus appears, notwithstanding the somewhat unclear nature of the hypothetical posed to the vocational expert, that the ALJ did not find Plaintiff was precluded from returning to his former employment. The Court has closely scrutinized the record evidence to determine whether such a finding would be supported by substantial evidence, or rather whether it is in stark conflict with the record evidence. *Compare* with *McMillen v. Secretary of Health and Human Services*, 491 F.Supp. 84 (N.D.W.Va.1980). (Where the ALJ posed a similar hypothetical, but failed to acknowledge that Plaintiff was precluded from returning to his former employment, and where the record evidence clearly demonstrated that Plaintiff was precluded from returning to his former employment). Thus, substantial evidence supports a determination by the Secretary that Plaintiff is able to engage in substantial gainful activity, is able to return to his former employment, and thus the burden never shifted to the Secretary to demonstrate the presence of jobs Plaintiff could perform. In his evaluation of the evidence, the ALJ recognized the presence of all the evidence, and did in fact consider it, and made the findings noted above. Thus, the Court finds there was substantial evidence for the Secretary's finding. Accordingly, the hypothetical posed to the ALJ and the occupations enumerated in response thereto, were not necessary to the decision of this case.

The Court has considered whether this case should be remanded in light of new regulations promulgated by the Secretary during the pendency of this action, 20

C.F.R. ¶ 404.1501–1513, and Subpart B, Appendix 2. See *Hicks v. Califano*, 600 F.2d 1048 (4th Cir. 1979). Although Plaintiff obviously suffers from several medical conditions, the Court finds that the Secretary's decision herein would not be substantially altered by application of the new regulations promulgated, and thus the Court declines to remand for further consideration.

In accordance with the foregoing, the Court hereby finds that the Secretary's decision is supported by substantial evidence on the whole record and the Court hereby ORDERS that Defendant's motion for summary judgment is granted, Plaintiff's motion for summary judgment is denied and this case is dismissed from the Court's docket.