**Timothy J. MURRAY, Plaintiff,**

v.

**Richard J. SCHWEIKER, Secretary of Health and Human Services, Social Security Administration, Defendant.**

**No. CV–81–158–GF.**

United States District Court, D. Montana, Great Falls Division.

Dec. 9, 1982.

Robert W. Gabriel, Great Falls, Mont., for plaintiff.

Robert L. Zimmerman, Asst. U.S. Atty., D. Mont., Billings, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

### FACTS

The defendant has filed a motion for summary judgment, asking this court to affirm his final decision denying plaintiff's application for disability payments under the Social Security Act, 42 U.S.C. §§ 301 *et seq.* The defendant asserts that the decision is supported by substantial evidence, and is thus conclusive upon this court.

In August, 1974, the plaintiff, Timothy J. Murray, sustained serious injuries in a motorcycle accident. Subsequently, Murray applied for and was awarded disability benefits. Later, on administrative reevaluation, those benefits were terminated. Murray requested and received a hearing, after which the administrative law judge (hereinafter "ALJ") found that Murray's disability had ceased on July 10, 1980. On October 20, 1980, the plaintiff again applied for disability benefits. The application was denied initially, and also upon reconsideration. At the request of the plaintiff, a hearing was held on July 10, 1981, before an ALJ. The plaintiff appeared at the hearing, and was represented by an attorney. On August 17, 1981, the ALJ, after *de novo* consideration of the case, determined that the plaintiff was not disabled. On September 30, 1981, the Appeals Council denied plaintiff's request for review of the ALJ's decision, and that decision became the final decision of the Secretary of Health and Human Services. Shortly thereafter, this action was commenced, pursuant to 42 U.S.C. § 405(g), which provides for judicial review of any final decision of the Secretary.

### SCOPE OF REVIEW

■ A court must engage in two levels of review when considering disability benefit decisions rendered by the Secretary. These levels are: 1) substantiality of the evidence review, and 2) remand review. *Holguin v. Harris,* 480 F.Supp. 1171, 1175 (N.D.Cal. 1979).

■ Substantiality of the evidence review limits the court to the sole question of whether or not the findings of the Secretary are supported by substantial record evidence. *Chavies v. Finch,* 443 F.2d 356, 357 (9th Cir.1971). If supported by substantial evidence, the findings are conclusive upon the reviewing court. *Harmon v. Finch,* 460 F.2d 1229 (9th Cir.1972), *cert. denied,* 409 U.S. 1063, 93 S.Ct. 571, 34 L.Ed.2d 515 (1972), *reh. denied,* 410 U.S. 918, 93 S.Ct. 971, 35 L.Ed.2d 281 (1973). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Hall v. Secretary of H.E.W.,* 602 F.2d 1372, 1375 (9th Cir.1979).

■ However, as noted above, a reviewing court is also permitted under 42 U.S.C. § 405(g) to engage in remand review. *See, Park v. Harris,* 614 F.2d 83 (5th Cir.1980). Under remand review, the relaxed standard of "good cause" is utilized by the reviewing court. *Kemp v. Weinberger,* 522 F.2d 967 (9th Cir.1975). In the application of the "good cause" standard, a reviewing court exercises broad discretion in its view of administrative denials of benefits. *Kerner v. Fleming,* 283 F.2d 916, 920 (2nd Cir.1960).

■ On the basis of the administrative record in this case, the court is unable to conclude that the disposition sought by either party—affirmance or reversal of the Secretary's decision—is appropriate. However, a reviewing court may order remand *sua sponte. Igonia v. Califano,* 568 F.2d 1383 (D.C.Cir.1977). Further, remand is appropriate even where the claimant has failed to produce substantial evidence of disability at the administrative hearing. *Parker v. Califano,* 441 F.Supp. 1174, 1179 (N.D.Cal.1977). After careful consideration, the court concludes that there exists "good cause" to remand this case to the Secretary under 42 U.S.C. § 405(g). Spe-

cifically, this court finds that remand is justified on the following grounds: 1) an apparent failure to consider all probative evidence; 2) inconsistent and confusing application of the administrative regulations; and 3) the ALJ's inappropriate or inadequate development of vocational evidence.

## CLINICAL NEUROPSYCHOLOGIST'S REPORT

The ALJ indicated that, in making his decision denying disability benefits, he carefully considered all of the attached exhibits. (Transcript at 9). One of those exhibits was a report prepared by Muriel Lezak, Ph.D., a clinical neuropsychologist for the Veteran's Administration. (Transcript at 291). After thoroughly testing the plaintiff, Lezak found that Murray: 1) has suffered the loss of the highest mental functions; 2) has sustained impaired insight; 3) is probably not generally employable; and 4) certainly cannot compete on the open job market. Obviously this is probative evidence given the fact that "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ...." 42 U.S.C. § 423(d). However, there is absolutely no reference to the Lezak report in the decision of the ALJ.

■ Rather than rely on Dr. Lezak's findings, the ALJ based his decision on the conclusions reached in several other reports. Contrary to Lezak's view, these other reports found in essence that the plaintiff was generally employable. The court is acutely aware that conflicts in the evidence are to be resolved by the ALJ, not by the reviewing court. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970). This court is not attempting to substitute its view of the evidence for that of the Secretary, nor does the court express a view as to what conclusions should have been reached given the evidence presented. Rather, the court is merely of the view that the plaintiff was at least entitled to have all of the probative evidence *weighed,* and that

good cause exists for remand when this is not done. *Dobrowsky v. Califano,* 606 F.2d 403 (3rd Cir.1979). Where, as in the instant case, a thorough and important report is not addressed and specifically rejected, the inference may arise that the ALJ simply ignored the evidence. *Cassel v. Harris,* 493 F.Supp. 1055, 1056 (D.Colo.1980).

■ Obviously, this court does not know whether or not the ALJ considered the Lezak report. However, when a reviewing court is not assured that all probative evidence has been weighed, it should not hesitate to remand the case, where consideration of the apparently ignored evidence is essential to a just determination of a claimant's application. *Cutler v. Weinberger,* 516 F.2d 1282, 1285 (2nd Cir.1975).

The court is not suggesting that every thread of evidence must be the subject of lengthy analysis by the ALJ. However, the four page report of a clinical neuropsychologist cannot be fairly disposed of upon the mere recital that "all of the evidence has been considered." This is hardly consistent with the view that the Social Security Act, being remedial or beneficent in purpose, is to be "broadly construed and liberally applied." *Id.,* citing *Gold v. Secretary of H.E.W.,* 463 F.2d 38 (2nd Cir.1972).

## ADMINISTRATIVE REGULATIONS

At the outset of his decision, the ALJ cites extensively from the Social Security Administrative Regulations promulgated for evaluating disability claims. Although no dates are given, it is apparent that the ALJ was citing from the 1981 edition of volume 20 of the Code of Federal Regulations.

After discussing a portion of the evidence, the ALJ indicated that he would employ a sequential evaluation of disability, in accordance with the Social Security regulations. He notes that the first step in the process is to determine whether the claimant is engaged in substantial gainful activity. The ALJ concluded that Murray was not engaged in substantial gainful activity

at the time of the hearing, nor during the period in question. (Transcript at 11).[1]

However, while as noted above the ALJ cited extensively from the 1981 regulations, the analysis he employed after the substantial gainful activity inquiry, is clearly taken from the 1980 regulations. Specifically, the ALJ considered whether the claimant suffered from a severe impairment, and eventually concludes that Murray is able to perform "basic work-related functions." (Transcript at 12). Significantly, the 1980 regulations, at 20 C.F.R. § 404.1503(c), indicate that an impairment is not severe if it does not significantly limit one's ability to perform "basic work-related functions."

In contrast, under the 1981 regulations, an individual is deemed to have a severe impairment if he is significantly limited in his ability to do "basic work activities." 20 C.F.R. § 404.1521(a). At 20 C.F.R. § 404.-1521(b), several examples of basic work activities are listed, including physical functions, sensory capacities, and the ability to understand and remember instructions.

The court is troubled by the ALJ's analysis for several reasons. First, why did the ALJ cite the 1981 regulations as the applicable law, and then use the terminology of the 1980 regulations when making the critical finding that Murray's impairment was not severe? If the 1980 regulations were applicable, what evidence exists that the plaintiff was able to perform "basic work-related functions"? Perhaps the ALJ intended to apply the 1981 regulations in evaluating the magnitude of Murray's impairment. If so, the court is unable to conclude that sufficient findings were made to support the determination that Murray can perform "basic work activities". For example, there is ample evidence in the record that Murray has great difficulty exercising judgment, responding to supervision, and remembering instructions, all of which are "basic work activities". Finally, after the "basic work-related functions" analysis was completed, the ALJ returned to considerations drawn from the 1981 regulations.[2]

■ This court is not attempting to substitute its judgment for that of the ALJ. Quite possibly a proper and consistent application of the regulations will also result in a finding that Murray is not entitled to disability benefits.[3] However, even where substantial evidence supports a finding of non-eligibility for such benefits, a reviewing court may remand the case for "good cause." *Walker v. Harris,* 642 F.2d 712 (4th Cir.1981). Because it is a basic tenet of administrative law that an agency must follow its own regulations, *Vitarelli v. Seaton,* 359 U.S. 535, 539–540, 79 S.Ct. 968, 972–973, 3 L.Ed.2d 1012 (1948), this court concludes that inconsistency in the analytical process provided by the regulations represents "good cause" for remand. This is especially true in this case since the apparent inconsistency occurred at such a critical stage in the analysis.

■ This court is charged with determining whether the findings of the Secretary are supported by substantial evidence. Where, as here, confusion exists as to which regulations the ALJ is applying, the court's review is more difficult, and remand is an appropriate disposition. *See, Phillips v. Harris,* 488 F.Supp. 1161 (W.D.Va.1980). Surely doubts concerning the application of

1. The court notes that whether the 1980 or 1981 regulations are employed, the substantial gainful activity inquiry is the proper first step. *See,* 20 C.F.R. § 404.1520 (1981); 20 C.F.R. § 404.1503 (1980).

2. The ALJ discussed 20 C.F.R. § 404.1508 (1981), which concerns the sources of an impairment and the medical evidence needed to prove one.

3. The court's concerns are similar to those expressed by Justice Marshall in his dissent in

*United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978). While the cases are factually dissimilar, many of the concerns expressed by Justice Marshall about procedural irregularity are equally applicable to the instant situation. Like Justice Marshall, this court is reluctant to speculate as to whether the result would or would not vary if the regulations were properly applied. *See, Caceres,* at 764, n. 7, 99 S.Ct. at 1478, n. 7; *see also, Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1973).

administrative regulations should be resolved before the disability determination is finally made. While each case is different, and variations in the analytical process are inevitable, reasonably close adherence to the "rules of the game" must be expected of the very party who makes the rules. *Vitarelli v. Seaton,* 359 U.S. 535, 539–540, 79 S.Ct. 968, 972–973, 3 L.Ed.2d 1012 (1958).

## USE OF VOCATIONAL TESTIMONY

The court's final concern is somewhat related to the problems noted above concerning the procedure utilized by the ALJ in reaching his decision. In particular, it is unclear whether the ALJ made the decision of non-disability solely on the basis of medical evidence, or whether he also considered it necessary to consider vocational factors to support his decision.

■■■ Clearly, medical evidence alone can justify a finding that an individual is not entitled to disability benefits. 20 C.F.R. § 404.1520. In the course of his decision, the ALJ seems to conclude that the medical evidence is sufficient in this case to support a finding that Murray is not disabled under the Act.[4] If the ALJ indeed felt that the medical evidence was sufficient, the inquiry should have ended there.[5] However, the decision of the ALJ contains many references to Murray's ability to perform several jobs *other* than his past relevant work, including "stock clerk, desk clerk, mail clerk, print shop helper, etc." (Transcript at 11). Further, if the evidence was sufficient to support a finding that the claimant could return to his previous occupation, then the burden never shifted to the Secretary, and evidence of Murray's ability to engage in other types of work need not have been considered. *Johnson v. Harris,* 625 F.2d 311 (9th Cir.1980). Given the fact that the ALJ paid considerable attention to Murray's alleged ability to perform other jobs, it could be implied that the burden *had* shifted to the Secretary. If that were the case, then the ALJ's findings should have signified this. *McMillen v. Secretary of H.E.W.,* 491 F.Supp. 84 (N.D.W.Va.1980).

In *Kelly v. Harris,* CV–80–132–GF (August, 1981), this court held that once the ALJ "opens the door" to consideration of vocational factors, he is obligated to fully develop the evidence as it relates to those factors. Significantly, during the course of the disability hearing held on July 10, 1981, the ALJ indicated that while he normally has a vocational expert present at the hearing, he was unable to do so in this case. (Transcript at 34). Thus it is apparent that the ALJ considered the possibility of the need for vocational testimony at the hearing, and that such evidence was not developed as carefully as it could have been.

## CONCLUSION

On the basis of the record before it, this court is unable to conclude whether or not correction of the perceived infirmities discussed above will change the ultimate decision regarding Murray's application. However, in the interests of preventing substantial unfairness to the plaintiff, this court is of the opinion that remand is the appropriate action.

For the reasons set forth above, IT IS HEREBY ORDERED that this case be remanded to the Secretary with instructions to: (1) more fully consider the report of Dr. Muriel Lezak; (2) signify which regulations are being used, and use them properly; and (3) properly consider and develop vocational evidence, if such evidence is needed in reaching a decision.

---

4. At page 12 of the transcript, the ALJ writes: ... the medical evidence clearly establishes that the claimant does not suffer from a mental impairment that precludes him from performing his past relevant work or other work which exists in the national economy.

5. *See,* 20 C.F.R. § 404.1520.