16 F.3d 414
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ella B. WIGGINS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-1336.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 8, 1993.
Decided Feb. 7, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. James C. Fox, Chief District Judge. (CA-92-30-4-CIV-F)
 Thomas H. Johnson, Jr., Colombo, Kitchin & Johnson, Greenville, NC, for appellant.
 James R. Dedrick, U.S. Atty., Barbara D. Kocher, Sp. Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Ella B. Wiggins ("Claimant") appeals from the district court's order affirming a decision of the Secretary of Health and Human Services ("Secretary") denying her claim for a period of disability, disability insurance benefits, and Supplemental Security Income ("SSI") from May 30, 1982, to February 1, 1987. Finding that substantial evidence existed to support the Secretary's decision, we affirm.
 
 
 2
 Born in 1927, Claimant labored as a farm worker, a cafeteria worker, and for the majority of life, a domestic. She stopped working as a domestic on May 30, 1982, claiming that problems with her back, knees, and feet prevented her from cooking, cleaning, and washing laundry. She claimed that diabetes and high blood pressure also caused dizzy spells when she was working as a domestic. From 1982 to 1987, Claimant alleged she was unable to do her own cooking and house work.
 
 
 3
 After she was denied disability benefits in 1983, Claimant began working part-time as a cafeteria worker. Her fellow employees helped her perform her tasks. Often she called in sick or missed work for doctor's appointments.
 
 
 4
 Claimant's medical records show that her blood pressure was elevated at 220/108 in March 1982, but otherwise was under control through December 1987. In August 1983, her doctor reported that Claimant's diabetes was not under good control, but that she did not want to take Insulin. No complaints of weakness, frequent infections, or vision problems are evident in Claimant's medical records. Claimant's vision was 20/20 in June 1983, 20/50 in June 1984, and in February 1988, Claimant's vision had deteriorated to 20/100 in her right eye and 20/40 in her left eye.
 
 
 5
 In 1982, a physician prescribed Darvocet and Clinoril for Claimant's degenerative arthritis. In August 1983, the same doctor reported that Claimant had degenerative arthritis in her back and knees, but that it was not disabling and she had no serious deformities or weaknesses in her muscles. A doctor who began treating claimant in October 1986 noted that Naprosyn relieved the pain in Claimant's knees, fingers, and hips and that she had no joint swelling or erythema.
 
 
 6
 In January and July 1983, Claimant applied for a period of disability and disability insurance benefits, claiming disability due to diabetes, high blood pressure, and arthritis* as of May 30, 1982. A doctor who examined Claimant at the Social Security Administration's request in January 1983 noted that Claimant had a history of diabetes, hypertension that was under treatment, and minimal degenerative joint disease. He took X-rays of both knees, but found only "minimal degenerative changes without lipping, narrowing, dislocation or fractures." Claimant's January and July 1983 applications were initially denied and she did not seek reconsideration.
 
 
 7
 Claimant applied in March 1988 for a period of disability, disability insurance benefits, and Supplemental Security Income ("SSI"), claiming disability due to diabetes, high blood pressure, arthritis, gout in her big toe, and poor eye sight as of March 3, 1988. She also requested review of her previous applications under Hyatt v. Sullivan, 899 F.2d 329 (4th Cir.1990). After reconsidering Claimant's case, the North Carolina Disability Determination Services concluded that she became disabled on February 1, 1987, based on diabetic retinopathy which prevented her from returning to her prior work. Asserting that her disability began in May 1982, Claimant requested a hearing before an administrative law judge ("ALJ").
 
 
 8
 Finding insufficient evidence to establish that Claimant had a severe impairment, the administrative law judge concluded that before February 1, 1987, Claimant was not entitled to a period of disability, disability insurance benefits, or SSI. Claimant exhausted her administrative remedies and then filed a complaint in federal district court. The district court granted summary judgment for the Secretary, holding that the Secretary's decision was supported by substantial evidence.
 
 
 9
 The language of 42 U.S.C.A. Sec. 405(g) (West Supp.1993) precludes a de novo review of the evidence and requires that this Court uphold the Secretary's decision if it is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). The Supreme Court has defined substantial evidence as"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). As this Court explained, substantial evidence is:
 
 
 10
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 11
 Hays, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966) (citation omitted)). With these standards in mind, Wiggins' claims are addressed below.
 
 
 12
 The steps for analyzing claims of disability for purposes of entitlement to a period of disability, disability insurance benefits, and SSI are set forth in 20 C.F.R. Secs. 404.1520, 416.920 (1993). The Secretary first must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. Secs. 404.1520(b), 416.920(b). If so, there is no disability. 20 C.F.R. Secs. 404.1520(a), 416.920(a). If not, the analysis proceeds to step two and the question of whether the claimant is severely impaired for the durational period required by the regulations. 20 C.F.R. Secs. 404.1509, 404.1520(c), 416.909, 416.920(c). A "severe impairment" is one or a combination of impairments which "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. Secs. 404.1520, 416.920(c). If the claimant is not severely impaired, no disability is found and the inquiry ceases. If the claimant is severely impaired, the analysis proceeds to steps three, four, and five, which ask in turn whether the claimant's severe impairments meet or equal those impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1; if not, whether the claimant has the residual functional capacity to perform past relevant work; and if not, whether the claimant is capable of other work, taking into account the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. Secs. 404.1520(d). 1520(f), 416.920(d)--.920(f).
 
 
 13
 In this case, the ALJ found that Claimant had not engaged in substantial gainful activity since May 30, 1982, but determined that she did not have a severe impairment from May 30, 1982, to February 1, 1987, under step two of the foregoing scheme and thus was not entitled to a period of disability, disability insurance benefits, or SSI for that period, because she did not have any impairments that significantly limited her ability to perform basic work-related activities. In reaching this conclusion, the ALJ determined that Claimant's subjective complaints of pain were incredible and inconsistent with the objective evidence.
 
 
 14
 The ALJ's determination that Claimant did not have a severe impairment is supported by substantial evidence. In this Circuit, " 'an impairment can be considered as "not severe" only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.' " Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1984) (citations omitted). The medical evidence showed that Claimant's arthritis was controlled through medication and that her blood pressure was under control. Although Dr. Dailey reported that Claimant's diabetes was not under good control in August 1983, there were no reports that during the relevant period she was experiencing problems with her vision, weakness, or frequent infections often associated with diabetes.
 
 
 15
 Claimant alleges that the ALJ improperly evaluated her complaints of pain due to her arthritis. In cases in which a claimant alleges a nonexertional impairment, including pain, the claimant must present medical evidence of a condition that could reasonably be expected to produce pain. An ALJ may not reject a claimant's allegations of incapacitating pain as incredible if such allegations are supported by substantial medical evidence. Higginbotham v. Califano, 617 F.2d 1058, 1059-60 (4th Cir.1980). In this case, Claimant's allegations of pain have little evidentiary support. Claimant's doctors noted that her arthritis was not debilitating and that her periodic joint pain was relieved with medication. The record contains no X-ray evidence of arthritis in Claimant's back, hips, or ankles and the X-rays of her knees showed only minimal degenerative changes. Absent medical evidence of conditions that would support Claimant's allegations of pain and disability, it cannot be said that the ALJ's conclusion that her disabilities are not severe runs counter to the substantial evidence. Because we find that substantial evidence supports the ALJ's finding of no severe impairment at step two of the sequential process, there is no need to determine whether subsequent steps were met.
 
 
 16
 The Secretary's denial of disability benefits is supported by substantial evidence. Accordingly, we affirm the district court's order granting summary judgment for the Secretary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Claimant did not list arthritis as one of her disabling conditions in her January 1983 application