56 F.3d 60
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Johnnie Ace CAMERON, Sr., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 93-2311.
 United States Court of Appeals, Fourth Circuit.
 Decided May 30, 1995.
Submitted June 14, 1994.
 
 Dallas K. Mathis, Judith L. Mathis, Mathis & Mathis, Falls Church, VA, for appellant. Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Robert S. Drum, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services, Philadelphia, PA; Lynne A. Battaglia, United States Attorney; Jeanette Plante, Assistant United States Attorney, Baltimore, MD, for appellee.
 Before HALL and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Johnnie Ace Cameron, Sr., appeals from the district court's order granting summary judgment for the Secretary on his claim for supplemental security income and disability insurance benefits. We affirm.
 
 
 2
 Cameron, born on January 15, 1939, completed the tenth grade and was trained as a nurse's aide. On November 9, 1990, he applied for supplemental security income and disability insurance benefits, alleging that he became disabled on August 31, 1990, due to a heart condition, asthma, emphysema, and blindness in his right eye, secondary to a cataract. Cameron reported that he had worked as a janitor periodically for fifteen years.
 
 
 3
 After the Social Security Administration denied his application, Cameron requested a hearing by an administrative law judge ("ALJ"). At the hearing, Cameron testified regarding his prior work experience, his medical condition, and his daily activities. Cameron testified that he can sit for only fifteen to thirty minutes at a time because of his back pain, and he can only stand for five to ten minutes before his legs give out. His medication includes Lasix for hypertension and Flexeril and Motrin for pain. Cameron stated that the medication and heat decrease the level of pain to mild.
 
 
 4
 The ALJ asked the vocational expert a hypothetical question taking into account Cameron's age, education, monocular vision, ability to lift 20 pounds occasionally and 10 pounds with frequency, and need to avoid all exposure to temperature extremes, humidity, fumes, odors, gases, and poor ventilation. Assuming that Cameron could stand for six hours per day, the vocational expert responded that Cameron would be able to perform the duties of a cafeteria worker, linen room attendant, or bottling line attendant. These jobs existed in significant numbers in the regional economy.
 
 
 5
 If Cameron could stand for only four to six hours per day and could sit for four hours per day, sitting or standing for only one or two hours at a time, the vocational expert testified that the number of available jobs would decrease by about twenty-five percent. If Cameron were unable to sit or stand for as long as one hour at a time, but could alternatively sit and stand for an eight hour period, no work would be available. Cameron's counsel did not contest Cameron's ability to perform the listed jobs and did not pose a counter hypothetical.
 
 
 6
 The ALJ found that Cameron's subjective complaints were not credible and were inconsistent with the objective medical evidence and with Cameron's testimony concerning his daily activities. The ALJ determined that Cameron's monocular vision, hypertension, and chronic obstructive pulmonary disease were severe impairments, but that these impairments did not meet or exceed the listing of impairments for presumptive disability. The ALJ further found that Cameron was capable of performing specific light and sedentary jobs and therefore was not disabled.
 
 
 7
 The Appeals Council denied Cameron's request for review, thereby making the ALJ's decision the final decision of the Secretary. After Cameron filed a petition for review, the district court granted the Secretary's motion for summary judgment, finding that substantial evidence supported the Secretary's determination that Cameron was not disabled. Cameron appeals from that order.
 
 
 8
 Cameron contends that the ALJ failed to consider evidence of his impairments in determining that he retained the functional capacity to perform work at the light exertional level; that the ALJ did not provide a full and fair hearing and properly assess Cameron's credibility; and that the ALJ relied upon defective testimony by a vocational expert in finding a significant number of jobs in the national economy that Cameron could perform.
 
 I.
 
 9
 The disability claimant has the burden of proving that his impairments meet or equal a listed impairment. 20 C.F.R. Sec. 416.925(d) (1993); Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981); see Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir.1986). Although Cameron contends that his pulmonary function studies produced results only marginally less severe that the listing for presumptive disability, he failed to show that his impairments meet or exceed the listed impairment. See 20 C.F.R. Sec. 416.925(d); Hall, 658 F.2d at 264.
 
 
 10
 The medical evidence does not support Cameron's claim that he is disabled. In 1988 and 1990, Cameron was treated in hospital emergency rooms. On both occasions, he was released with no restrictions or limitations placed upon his activities. Cameron discontinued regular medical treatment in 1988. Cameron's medical records were evaluated by George Albright, a physician trained to assess the work-related consequences of pulmonary and cardiac impairments. Albright concluded that Cameron had the maximum sustained capacity for medium work. Albright noted that due to Cameron's pulmonary disease, he should avoid concentrated exposure to "fumes, odors, dusts, gases, poor ventilation, etc." Dr. Philip Moore also reviewed the medical evidence and completed a residual capacity assessment, concluding that Cameron had environmental limitations, but that he had the maximum sustained capacity for medium work. Although Drs. Albright and Moore did not personally examine Cameron, their medical opinions are not contradicted in the record and may be relied upon to support the ALJ's decision. See Richardson v. Perales, 402 U.S. 389 (1971); Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir.1986). We find that substantial evidence supports the ALJ's finding that Cameron failed to meet his burden of proving that his combined impairments, including his allegations of pain, meet or exceed a listed impairment. See 20 C.F.R. Sec. 416.925(d); Hall, 658 F.2d at 264; see also Higginbotham v. Califano, 617 F.2d 1058, 1059-60 (4th Cir.1980).
 
 
 11
 After reviewing the physicians' statements, Cameron's medical history and diagnoses, prescribed treatment, Cameron's prior work history, and his daily activities, 20 C.F.R. Sec. 404.1529 (1993), the ALJ found that Cameron's testimony concerning his limitations was inconsistent with the medical evidence presented. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). As the ALJ noted, Cameron's testimony about his employment history, the requirements of his past employment, and his daily activities were inconsistent. Also, Cameron failed to provide medical records supporting his allegations concerning the onset of his disability. The ALJ considered Cameron's subjective complaints in light of the factors in Social Security Ruling 90-1p: Evaluation of Pain and Other Symptoms and substantial evidence supports the conclusion that Cameron's allegations were not credible and were not supported by the medical evidence. Significantly, Cameron was not receiving ongoing treatment for any of the combination of allegedly disabling impairments, see Hays v. Sullivan, 907 F.2d 1453, 1457 (4th Cir.1990), and no strong pain medication was prescribed. See Shively, 739 F.2d at 990.
 
 II.
 
 12
 Cameron contends that at the beginning of the hearing, the ALJ informed counsel of his conclusion that Cameron retained the functional capacity to perform light work and that any additional evidence concerning a back injury would be received with skepticism. The ALJ's comment was intended to inform counsel of his conclusion that Cameron could not return to his past employment and that the critical issues would include Cameron's residual functional capacity and whether he could perform other available work. The transcript evidences that the ALJ did not prejudge the case as Cameron alleges; rather, the ALJ attempted to elicit testimony concerning these critical issues as well as additional evidence concerning Cameron's breathing and pulmonary difficulties.
 
 
 13
 Cameron also argues that the ALJ failed to develop the record, and "relied solely on his own conclusion that [Cameron's] severe breathing impairment was accommodated by avoidance of work conditions with extremes of temperature and humidity or dust, fumes, and gases." (Appellant's Br. at 23). Because Cameron was not receiving regular medical treatment, the Secretary arranged for two medical consultations at government expense. Dr. Moore and Dr. Albright both opined that Cameron was capable of performing medium work, but stated that the type of work would be limited by Cameron's environmental restrictions. We find that the ALJ's conclusion in this respect was supported by substantial evidence.
 
 
 14
 Cameron additionally argues that there is not substantial evidence to support the ALJ's finding that he lacked credibility. The ALJ's credibility determinations are given great weight. Shively, 739 F.2d at 989. Cameron testified that he could only stand for five to ten minutes at a time, or his legs would give way. This occurred once or twice a week while he was working. Yet, Cameron never mentioned this to any of the doctors. Cameron also testified that he could only sit for fifteen to thirty minutes, else his back would hurt. For relief from this back pain, Cameron testified that he would sit in a straight chair and bend over a table. In light of the physicians' opinions, the absence of limitations on his activities upon release from the hospital in 1988 and 1990, Cameron's normal cardiac catheterization, and the absence of evidence of ischemia, we find substantial evidence supports the ALJ's finding that Cameron was not entirely credible.
 
 III.
 
 15
 Cameron contends that the hypothetical questions posed to the vocational expert did not consider his heart disease, chest pain, and asthma episodes. The hypotheticals acknowledged Cameron's need to avoid extreme temperature, dust, fumes, and gases and his monocular vision; restrictions which the ALJ found based upon the medical opinions of Drs. Moore and Albright. Additionally, the ALJ narrowed the focus of the hypothetical by adding the restrictions upon sitting and standing which Cameron alleged he experienced. Because the ALJ found that Cameron's alleged chest pain, heart disease, and asthma were not severe impairments, we find that the hypotheticals fairly included all of Cameron's limitations. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir.1989).
 
 
 16
 Cameron finally argues that the vocational expert's testimony is inconsistent with the limitations posed by the hypotheticals. He contends that the jobs of cafeteria worker and linen room attendant would expose him to the very environmental factors which the ALJ found he needed to avoid. Cameron does not contend that there are any restrictions which would prohibit him from performing the duties of a bottling line attendant, a job which the vocational expert testified existed in numbers of about 800 in the region.
 
 
 17
 Because we find that substantial evidence supports the Secretary's determination that Cameron was not disabled and that he could perform significant numbers of jobs in the national economy, we affirm the district court's order affirming the Secretary's determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED